## City of Louisville v. Laufer.

(Decided October 28, 1910.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

Witnesses—Impeachment—Statements in Deposition.—A witness cannot be impeached as to statements made in his deposition unless he was asked if he did not at a certain time and place in the presence of certain persons make statements inconsistent with his deposition.

CLAYTON B. BLAKEY and HUSTON QUINN for appellant.

NORTON L. GOLDSMITH and WALTER S. LAPP for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellee, Frank Laufer, while going to work on the night of July 4th, 1908, stepped into a hole in the sidewalk on the north side of Laurel street, between Jackson and Hancock streets, in the city of Louisville, and brought this action to recover damages for the injury received. A jury returned a verdict in his favor in the sum of $300. From the judgment based thereon, this appeal is prosecuted.

It is first insisted that the facts of this case show that the condition of the sidewalk was similar to the condition of the sidewalk developed in the case of City of Covington v. Belser, 123 S. W. 249, 137 Ky. 125, and for that reason the court erred in failing to award appellant a peremptory instruction. While it is true that appellant's evidence tends to show that the depression in the pavement was only about an inch deep, the evidence for the appellee is to the effect that the hole in the sidewalk was three or four feet long and two or three feet wide. In this hole there were no bricks regularly set. The hole was partly filled with loose bricks, some standing up and others lying flat. In the Belser case, while several witnesses testified that the pavement was an awfully rocky looking affair, yet when they came to specify its precise condition, it appears that the pavement was practically smooth and here and there was a brick which projected above the other bricks only a slight distance, and that the brick against which Mrs. Belser claims to have struck her foot projected about an inch above the other bricks. Here the evidence shows that there was practically no pavement at all at the point where appellee was injured. The photograph before us, which was taken shortly after the accident, and which several witnesses say is a correct reproduction of the pavement at the place of the accident, shows that the depression was a large one, if not very deep. This may not, of itself, have rendered the pavement dangerous to pedestrians, but, when taken in connection with the fact that the depression had in it loose bricks lying around, some flat and some on their side, we are unable to say, as a matter of law, that the pavement was in a reasonably safe condition for those exercising ordinary care for their own safety. We, therefore, conclude that the court properly submitted this question to the jury.

It appears that, prior to the trial, appellant took the deposition of appellee. While appellee was on the stand, appellant offered to introduce the deposition in evidence. The deposition, however, had not been filed with the papers in the case before the trial. In refusing to permit the deposition to be read the trial court simply followed the provisions of section 585 of the Code, which provides: "No deposition shall be read on a trial, unless, before the commencement thereof, it be filed with the papers of the case."

After the court refused to permit the deposition to be filed, appellant's counsel sought to impeach appellee by introducing the official stenographer, who reported the deposition in question, and attempted to prove by him that, in giving the deposition referred to, appellee made statements inconsistent with his testimony on the stand. As appellant did not lay a proper foundation for this impeaching testimony by asking appellee if, at a certain time and place, in the presence of certain people, he had not made certain statements, it follows that the court properly excluded the testimony sought to be introduced.

The instructions given by the court are in the usual form, and properly presented the issues involved.

It is contended by counsel for appellant that the court erred in not presenting to the jury its theory of the case. Without setting forth the instructions which it offered, we deem it sufficient to say that the only theory which appellant had was that the sidewalk was in a reasonably safe condition and that appellee was guilty of contributory negligence. As these two questions were submitted to the jury in instructions that are not subject to complaint, we conclude that appellant obtained all that it was entitled to in the way of instructions.

We see nothing in the record to justify the conclusion that appellee's counsel was guilty of misconduct.

Judgment affirmed.