## City of Louisville v. Haugh.

(Decided March 3, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, No. 4).

1. Municipal Corporations—Torts—Defects and Obstructions in Streets and Other Public Ways—Care Required As to Condition of Way.—A municipality is required to exercise ordinary care to maintain its streets in a condition reasonably safe for the use of the public, and this means, for all the uses to which the public have a right to put the streets, and all the uses which the city may reasonably expect the public to make of the streets. So, where the paved streets of a city are as matter of right used by pedestrians in crossing from one side of the street to the other, at places other than the regular intersections, the duty of the city, is not fulfilled when it exercises ordinary care to maintain the roadway in a condition reasonably safe for vehicular traffic alone.

2. Municipal Corporations—Torts—Defects and Obstructions In Streets and Other Public Ways—Question for Jury.—Where the question of negligence is an element of a case, unless the acts claimed to constitute negligence, are of such character that all reasonable men would concur in pronouncing it such, it is for the jury to determine from all the evidence whether the party charged with negligence is guilty thereof and to say whether the acts shown amount to the exercise of ordinary care. So, in an action against a municipality for injuries to a pedestrian resulting from stepping into a hole in the street, the court properly refused an instructions that if the hole was 2¼ inches or less in depth the city was not guilty of negligence, and if it was more than 2¼ inches deep, the jury should determine the question of negligence.

The primary inquiry was whether the city used ordinary care in maintaining its streets in a condition reasonably safe for the use of the public; and the depth of the hole was merely evidential upon that issue.

3. Municipal Corporations—Torts—Defects and Obstructions in Streets and Other Public Ways—Contributory Negligence of Person Injured.—Pedestrians may cross a street at any place without imputation of negligence. So, in an action against a municipality for injuries received by a pedestrian by stepping into a hole in the street, the court properly refused to instruct the jury that if the pedestrian crossed at a place other than a regular intersection, he was chargeable with a higher degree of care than when crossing at a regular intersection or crossing. The pedestrian was chargeable only with the exercise of ordinary care no matter where he crossed; and the place of crossing was only evidential upon the issue as to the exercise of such care by the pedestrian.

GEORGE CARY TABB, PENDLETON BECKLEY for appellant.

POPHAM, TRUSTY & ROOSE for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

On March 16, 1912, appellee, Catherine M. Haugh, a woman of about fifty years of age, while crossing Twelfth street in the city of Louisville, stepped into a hole in the pavement between the two rails of the street car track; and for the injuries claimed by her to have resulted therefrom, she sued appellant, the city of Louisville. She testified that the accident occurred about eight o'clock at night; that it was raining; that she was holding an umbrella and walking rather hurriedly for the purpose of boarding a street car, when she stepped into the hole and fell and was injured.

The jury returned a verdict in her favor in the sum of five hundred dollars; and defendant's motion for a new trial having been overruled, it appeals.

1. Appellant first contends that the court should have directed a verdict in its favor, upon the ground that the street in question was reasonably safe.

The place where appellee was injured was not at a crossing or intersection of streets. She testified that the hole felt like it was about six or seven inches deep, but she never measured it. One of her attorneys, who participated in making a photograph of the hole several weeks after the accident, testified that it measured about seven inches deep. Another witness for plaintiff testified that

the hole was seven to nine inches deep, had been there for as long as three months before the accident, and that wagons often hung up in it.

On the other hand, an assistant city engineer testified that when he measured it, about a year after the plaintiff was injured, the depth of the hole was $2\frac{1}{4}$ inches. However, the photograph made several weeks after the accident, was introduced in evidence, and this photograph tends to support the testimony for plaintiff as to the depth of the hole, and to render it quite probable that in the interval between the accident and the time of measurement made by the assistant city engineer, the hole had filled up quite a little. The photograph shows that the hole was undoubtedly caused by the removal of a number of paving blocks, leaving a cavity of irregular shape, which, from the measurements made by the engineer, was one foot wide at its narrowest portion, and two feet long.

In the light of this testimony, the court will not hold that the street was in a reasonably safe condition. The motion for a directed verdict was, therefore, properly denied.

2. The city also insists that the court erred in failing to give to the jury an instruction offered by it, which is as follows:

"Unless you believe from the evidence that the hole or depression referred to in the testimony, if any such hole or depression there was, was more than $2\frac{1}{4}$ inches in depth at its deepest place, you should find for the defendant, city of Louisville."

The effect of such an instruction would be to inform the jury if the hole in question was $2\frac{1}{4}$ inches or less in depth, then the city was not guilty of negligence; but if the hole was more than $2\frac{1}{4}$ inches in depth, then the jury should determine from the evidence whether the city had exericsed ordinary care in the maintenance of its streets. In other words, the court was asked to inform the jury that the city might permit a hole to remain in its street, even though the same were unsafe and dangerous, provided the hole did not exceed $2\frac{1}{4}$ inches in depth.

But, where the question of negligence is an element of a case, unless the acts claimed to constitute negligence are of such character that all reasonable men would concur in pronouncing them such, it is for the jury to determine from the evidence whether the party charged with negligence is guilty thereof, and for the jury to say

whether certain facts amount to the exercise of ordinary care. Chesapeake & Ohio Ry. Co. v. Gunter, 108 Ky., 365, 56 S. W., 527, 21 R., 1803.

The duty of the city is to exercise ordinary care to maintain its streets in a reasonably safe condition for the use of the public; but there is no fixed standard for the requirements of this duty. Its measure is not defined by statute. The requirements are not the same under all circumstances, and in all places. In its very nature, it is incapable of exact expression, or reduction to an unvarying formula. Whether the city was negligent in permitting the hole in question to be and remain in its street was purely a question of fact.

Appellant has cited a number of cases in which the courts have undertaken to say as a matter of law that certain defects and conditions in streets and sidewalks therein presented did not constitute evidence of negligence. And such action is proper where the defect complained of is of such character that all reasonable men would concur in pronouncing it not evidence of negligence.

The distinction between a hole in the street which would render a street unsafe, and a hole that would not do so, is a thing practically impossible to define. The depth of the hole alone would not control such characterization. Its shape, its size, its location with reference to the street lighting, its location with reference to the conditions and extent of public travel, and many other considerations would enter into the determination of the question of the effect of such hole upon the safety of the street, and would make the inquiry as to whether such hole amounted to a want of ordinary care upon the part of the city, peculiarly a question for the jury.

Appellant cites in this respect the case of Baker v. the City of Detroit, 132 N. W., 462, in which the court instructed the jury that unless the obstruction complained of existed two inches in height, the sidewalk was in reasonable safe condition, and they could not find for plaintiff; but if the obstruction was two inches or more in height, then it was for the jury to determine whether such obstruction amounted to a want of ordinary care on the part of the city. Such an instruction is not in accordance with the accepted rules governing the instruction of juries in this State. And, in the case cited, three out of seven of the judges dissented from the opinion, and upon this very point.

The question of negligence under the facts herein presented was for the jury, and the court properly refused to give the instruction as requested.

3. Appellee also complains of the action of the trial court in refusing to give to the jury the following instruction which it offered:

"The streets of the city of Louisville are primarily for the use of those traveling in vehicles of various kinds, and the sidewalks are primarily for the use of pedestrians. Pedestrians have a right to cross the streets of the city of Louisville at any point, but the crossings at intersections of streets are primarily intended for that purpose; and when pedestrians cross a street at any place other than at a crossing, at the intersection of streets, the law requires that he or she exercise a higher degree of care for his or her own safety than when crossing a street at a regular crossing at intersections."

The rule in this State is that pedestrians may cross the street at any point without imputation of negligence. City of Louisville v. Johnson, 24 R., 685, 69 S. W., 803; City of Glasgow v. Gillenwater, 113 Ky., 140, 67 S. W., 381, 23 R., 2375; see also Magaha v. Hagerstown, 95 Md., 62, 51 Atl. 832, 93 Am. St. Rep., 317.

There is only one degree of care required of those using the public thoroughfare, and that is, ordinary care. And the instruction offered is merely an attempt to have singled out, and stress laid upon, the fact that plaintiff was, when injured, crossing the street at a place other than the regular crossing. It matters not where she crossed, she was charged only with the exercise of ordinary care, and the place of her crossing was only evidential upon the issue of her exercise of such care, to be considered by the jury in determining whether or not the plaintiff was guilty of contributory negligence. And, even if it be conceded that acts which would constitute exercise of ordinary care upon the part of a pedestrian crossing the street at a regular intersection, might not amount to the exercise of ordinary care if the pedestrian crossed at a place other than the regular crossing; that is a matter which addresses itself only to the jury in determining whether plaintiff used the care required under the law.

The lower court properly refused to give the instruction requested.

4. Finally, the city insists that pedestrians have the right to expect the street to be only in a condition reasonably safe for wagons, horses, automobiles, etc.; and that the court should have so instructed the jury. In support of this contention, appellant cites the case of Belling v. City of Hamilton, 3 Ontario Law Rep., 318, in which case the court said:

"The carriage way is intended for carriages and wagons; the foot-way for persons on foot; and the degree of repair in which each is to be kept is to be measured by the use for which it is intended. If a foot passenger chooses, as he has a right to do, to walk upon the road, when a foot-way is provided, he must take the road as he finds it. He has a right to expect it reasonably safe for vehicles, but he has no right to expect any higher degree of repair." And, in the case of Webster v. City of Vanceburg, 130 Ky., 320, 113 S. W., 140, 132 Am. St. Rep., 392, 19 L. R. A. (N. S.), 752, this court said: "A city's legal duty is not to furnish streets even where they may be needed; but it is to keep such as it does furnish in a reasonably safe condition for use for purposes for which they are provided—sidewalks for pedestrians, roadways for vehicles and horses." In the latter case, however, the sidewalk was being used by a vehicle, not the roadway by a pedestrian. The sidewalk is solely for pedestrians, but the roadway is for pedestrians under proper conditions, as well as for vehicular travel.

This court is unwilling to hold that where the paved streets of a city are used by pedestrians in crossing from one side of the street to the other, the duty of the city is fulfilled by the exercise of ordinary care to keep the roadway in a condition reasonably safe for vehicular traffic alone. It is the duty of the city to use ordinary care to maintain its streets in a reasonably safe condition for use by the public; and that means for all the uses to which the public, including pedestrians, have a right to put them, and to which the city may reasonably expect the public, including pedestrians, to put them.

In this case, the court instructed the jury that it was the duty of the city of Louisville to keep the street in a reasonably safe condition for use by the public. It would not have been improper, under the circumstances herein, to have instructed them that it was the duty of defendant to use ordinary care to keep the street in a reasonably

safe condition for the use of the public, considering the purposes for which it was intended, as well as the use which pedestrians might reasonably be expected to make of it; and under some circumstances, in an action for an injury occurring to a pedestrian at a place on the street used for wagons and other vehicular traffic, it might be error to refuse to so qualify and explain the words "the use of the public." But, in this case, the evidence showed that the street in question was not reasonably safe for the use which pedestrians might reasonably be expected to make of it; and the failure to instruct as required was not prejudicial.

Judgment affirmed; whole court sitting.