## City of Louisville v. Carr.

(Decided July 1, 1924.)

### Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

1. Evidence—Well Known that Green Slime and Mossy Substance do Not Form on Sidewalk Hastily.—It is a well-known fact that a slimy, mossy condition of a sidewalk from water leakage is not of sudden or hasty formation.

2.  Municipal Corporations—Finding of Notice of Slimy Condition of
    Sidewalk Sustained.—Finding that city should have had knowl-
    edge of slimy and mossy condition of sidewalk caused by leakage
    of water held supported by evidence.
3.  Municipal Corporations—Slimy Condition of Sidewalk Held Not
    Due to Natural Causes.—Evidence held to show that slimy and
    mossy condition of sidewalk was not caused from natural causes,
    but resulted from continuous flow of water from leaky box.
4.  Municipal Corporations—Notice to Policeman Notice to City.—
    Notice to police officer on beat of slimy and mossy condition of
    sidewalk, caused by leakage of water from water box across pave-
    ment, is imputed to city of first class, in view of Ky. Stats., sec-
    tion 2885, making it police officers' duty to remove nuisances.

WM. T. BASKETT and DAVID W. FAIRLEIGH for appellant.

AUSTIN E. WALSH for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

On the 24th of July, 1921, about seven o'clock in the
morning, appellee, while walking along the sidewalk on
Frankfort avenue in Louisville, in front of the property
of one Hubrich, stepped into and slipped upon some
green slime or mossy substance which had formed there,
causing her to fall and break her hip.

She brought this action in damages against Hubrich
and the city of Louisville, and on a trial was awarded a
verdict against Hubrich for $300.00 in damages and
against the city of Louisville for $800.00. The city alone
appeals.

The theory of her action is that Hubrich had for
some time permitted water to run from a leaky hose box
in his front yard down through or about his gate on to
the brick sidewalk, and that such leakage had existed for
such a time as that it resulted in the formation of a green
slime on part of the sidewalk, and that this condition had
existed for such a time as that the city in the exercise of
ordinary care should have known of the condition, and
removed or remedied the same.

There is no complaint of the amount of the verdict
if there is any liability whatsoever by the city.

The initial ground for reversal is that plaintiff
failed to show such a continuous condition of slipperi-
ness for such a length of time as that notice thereof
should be imputed to the city, no direct notice being
shown.

It may be admitted that the continuous slippery condition for a great length of time was not shown by the direct testimony; it was shown, however, by such testimony that it existed on the morning of the accident, had existed some days prior thereto and had existed at times for several weeks theretofore.  But it is a well known fact that such a slimy condition is not of sudden or hasty formation, but requires the concurrence and continuous existence of certain conditions, and even then forms slowly and gradually.  The evidence shows that the water escaped continually from the leaky water box and ran across the pavement at that point, that there was dirt or sand in between the bricks on the pavement, and that two trees in the yard and adjacent houses shaded that place at all times until late in the afternoon of each day, and that it was quite warm weather.  With all these conditions existing, and the evidence showing the slimy condition of the pavement at times for several weeks, and with the knowledge that such a condition is brought about solely by the continuous operation of these different things, the jury under such evidence was authorized to conclude that there had been a continuous existence of the slimy condition for several weeks, and for such a length of time as would impute notice to the proper city officials.  Especially is this true in the light of the evidence that there existed only one square and a half from there a police substation, and the evidence that the police officers were required to patrol that square.

But it is said the city would not be liable if the slime was caused by natural conditions and was not habitually permitted to remain there.  The evidence, however, distinctly negatives the idea that the condition could have been caused from natural causes; for it is disclosed not only that the water flowed continuously from the leaky water box across the pavement, but that at no other times except when there was a rainfall was the pavement wet, except when it was sprinkled about once every day.

It is true that Hubrich and other witnesses state the water box had not leaked until the very night before the injury, and testified to physical conditions tending to show that a continuous accumulation of the slime was impossible because of the frequent cleanings given to the sidewalk.  Admitting the force of this evidence, yet it was not so convincing in the light of all the other evidence as to authorize a reversal of this judg-

ment because the verdict is flagrantly against the evidence.

The distinction between the liability of a municipality for the slippery condition of a sidewalk when produced by natural causes, and when produced by artificial means, has been accurately pointed out by this court in the cases of Jaegar v. Newport, 155 Ky. 110; Stephens v. Deickmann, 158 Ky. 337; and Bellevue v. England, 118 S. W. 994.

There are several criticisms of the instructions, none of which do we deem it necessary to consider except one, for an examination of them discloses that they fairly and accurately submitted the issues. It is complained, however, that on the question of notice to the city officials the court should not have included the police officer on the beat as one through whom such notice might be imputed to the city. Section 2885, Ky. Statutes, being a part of the charter for cities of the first class, among other duties, imposes upon police officers of the city the duty to

"remove all nuisances in the public streets, parks and highways."

Clearly the existence of this green slime on a sidewalk of a city is a nuisance because it may at any time cause injury to a pedestrian; and it being under the statute the duty of a police officer to remove such a nuisance from the sidewalk, any knowledge that may be imputed to him who owes such a duty must also be imputed to the city itself. Louisville v. Lenehan, 149 Ky. 537.

Judgment affirmed.