## City of Cynthiana v. Sersion.

(Decided Dec. 11, 1935.)

JOHN P. LAIR and CHESTER M. JEWETT for appellant.

HANSON PETERSON and SWINFORD, SWINFORD & SIMS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellee, Miss Mary Sersion, an elderly lady, in the late evening of December 28, 1932, stepped in a

hole in the sidewalk in Cynthiana, which caused her to fall and break her hip. This resulted in extended and extreme suffering and permanent injury. She recovered a judgment for $1,644.95, of which $644.95 were her expenses. A reversal is asked only on the ground that the city was entitled to a peremptory instruction. This is based on the view that the defect in the sidewalk was so slight as not to constitute negligence.

The concrete surface at the point was disintegrated and broken over an irregular space, extending nearly, if not all the way, across the sidewalk. Small, loose pieces remaining in place, but some had been removed, leaving a hole. The evidence for the plaintiff was to the effect that on one side, near the property line, there was a space some 12 to 14 inches across each way and, as variously expressed, from 1½ to 3 inches in depth. The plaintiff stepped in this hole. The condition had existed for quite a long time, and both actual and constructive notice to the city was established.

The appellant relies upon City of Louisville v. Uebelhor, 142 Ky. 151, 134 S. W. 152, where there was a slight concave depression 1½ to 2 inches deep; Tudor v. City of Louisville, 172 Ky. 429, 189 S. W. 456, where the defect in the sidewalk was a smooth iron grating, with small glass eyes in it; and City of Dayton v. Fox, 254 Ky. 51, 70 S. W. (2d) 961, where there was a wavy or irregular brick pavement, which was wet by reason of rainfall. It appears in each of these cases that the plaintiff had merely slipped up because of those conditions. It was held the defects were so negligible that the court should say as a matter of law that they were not unreasonable or so obviously dangerous as to constitute negligence; that a city is only required to maintain its sidewalks in a reasonably safe condition for use by pedestrians, and is under no obligation to provide against everything that may happen upon them. As said in City of Louisville v. Haugh, 157 Ky. 643, 163 S. W. 1101, 1102:

> "The distinction between a hole in the street which would render a street unsafe and a hole that would not do so is a thing practically impossible to define. The depth of the hole alone would not control such characterization. Its shape, its size, its location with reference to the street lighting, its location with reference to the conditions and extent

of public travel, and many other considerations would enter into the determination of the question of the effect of such hole upon the safety of the street, and would make the inquiry as to whether such hole amounted to a want of ordinary care upon the part of the city peculiarly a question for the jury.''

It seems to us the condition described in this record, which it is admtited caused the plantiff to fall, was such that reasonable men might well differ as to whether or not it was such a defect as rendered the pavement unsafe, and dangerous, and as to cause persons exercising ordinary care for their own safety to be injured. For similar defects and accidents for which the respective cities were held liable, see City of Carlisle v. Secrest, 75 S. W. 268, 25 Ky. Law Rep. 336; City of Latonia v. Hall, 103 S. W. 354, 31 Ky. Law Rep. 721; City of Louisville v. Laufer, 140 Ky. 457, 131 S. W. 192; City of Ludlow v. Gorth, 214 Ky. 833, 284 S. W. 84.

We are of opinion that the evidence justified a submission of the case to the jury, and sustains the verdict.

Judgment affirmed.