BOYER *v.* OVERHEAD DOOR CORPORATION

[No. 16,557.   Filed April 17, 1940.]

*Pursley & Peterson*, for appellant.

*Slaymaker, Merrell & Locke, L. A. Shaner*, and *Clarence F. Merrell*, for appellee.

BRIDWELL, P. J.—Appellant filed with the Industrial Board of Indiana his application for an adjustment of his claim for compensation against appellee, alleging therein that, by reason of accidents arising out of and in the course of his employment, he sustained injuries to his left eye, resulting in a complete loss of vision of said eye.

In due course the application was set for hearing before one member of the board who, on August 9, 1939, heard the evidence proffered by the parties, but made no award at that time.

The record further discloses that on August 18, following the hearing, the Industrial Board, through its chairman, (who in the instant case was also the hearing member) sent to the attorneys for the applicant (appellant) a letter, which, omitting its formal parts, is as follows:

"In re: Claude Boyer vs. Overhead Door Corporation, Claim No. 28644.

"Gentlemen:—

"After studying the evidence in the above entitled cause, I am of the opinion that it will be necessary for me to have a further examination of Mr. Boyer's eye. Therefore, I am asking you to send Mr. Claude Boyer to the office of Dr. E. W. Dyar, 307 Hume-Mansur Building, this city, on Tuesday, August 22, 1939, at 2:15 P.M., o'clock for an examination of his eye at no expense to him."

Thereafter, on August 26, 1939, the Industrial Board received and filed a written report from Dr.

E. W. Dyar, from which it appears that appellant was examined by the doctor on August 22, and the facts concerning the loss of vision in the left eye of appellant, as discovered by such examination, are set forth in detail therein, and the opinion of the doctor is stated as follows:

"It is therefore, my opinion from an absolutely unbiased standpoint, that this individual has been unfortunate enough to contract some disease of his left eye, which was taking place at about the time which (when) the two accidents occurred. The injuries were purely coincidental. I took the liberty to see Dr. Lester Smith and read his report upon the x-ray findings, which showed no foreign metal within the eye, or even about the eye. It therefore appears to me, that the weight of the evidence in this case from a medical point of view, is against the injury as being the cause of the loss of vision."

After the receipt and filing of this report, submitted by means of a letter to the board, the member of the board before whom the application was heard made a finding and award, which, in so far as it need be set forth is as follows:

"Said Member having heard the evidence and having examined the report of the specially appointed eye specialist now finds, that the plaintiff was in the employ of the defendant on the 8th day of October, 1936, and also on the 3rd day of June, 1937, at an average weekly wage of $29.40; that on said dates plaintiff received injuries by accident arising out of and in the course of his employment to his left eye; that on June 30, 1939 plaintiff filed his application for compensation on Form No. 9.

"Said Member further finds that since said accidental injuries plaintiff has lost the sight of his left eye as the result of a cataract; and

further finds that said cataract was not the result of an accidental injury, but is the result of disease.

## "ORDER

"It is therefore considered and ordered by the Industrial Board of Indiana that plaintiff take nothing by his application herein."

An application for review was duly filed by appellant, and on December 19, 1939, after a hearing held on November 2, 1939, the full Board, by a majority of its members, made its finding and award, the pertinent part of which is as follows:

"And the Full Industrial Board . . . now finds that plaintiff was in the employ of the defendant on October 8, 1936, at an average weekly wage of $24.20, and on June 3, 1937 at an average weekly wage of $28.60; that on October 8, 1936 and on June 3, 1937 plaintiff received injuries to his left eye by accident arising out of and in the course of his employment, of which the employer had knowledge and furnished medical attention; that plaintiff's vision of left eye was entirely gone on December 25, 1938; that on June 30, 1939 plaintiff filed his application for the adjustment of a claim for compensation.

"And the Full Industrial Board by a majority of its members now finds for the defendant on plaintiff's application, that plaintiff's loss of vision in the left eye is not directly or indirectly due to any accidental injury arising out of and in the course of his employment with the defendant.

## "AWARD

"It is therefore considered and ordered by the Full Industrial Board of Indiana, by a majority of its members that plaintiff shall take nothing by his complaint herein and that he shall pay the costs of this proceeding."

From this award appellant appeals, assigning as errors, among others, that the award is contrary to law; and that the board "erred in receiving as evidence the unverified report of Dr. E. W. Dyar, without giving appellant opportunity to examine or cross-examine said Dr. E. W. Dyar."

Appellee to sustain the award contends that "inasmuch as the record does not show that the Full Industrial Board admitted the letter of the member asking for a physical examination, and the letter of Dr. E. W. Dyar reporting the result of the physical examination of appellant, the assumption of appellant in his brief that the Full Industrial Board considered such letter as evidence, or based their award thereon, is wholly unwarranted and unsupported." It is further contended "that such letters are not properly in the record and cannot be considered for any purpose."

It is true that neither letter appears in the bill of exceptions containing the evidence heard on August 9, 1939, when the application was first submitted by the parties for determination by the hearing member. Neither had then been written. It does not necessarily follow, however, that because of this fact, this court should refuse to consider if error was committed when the Industrial Board received and filed as a part of its record in this proceeding, the written report of Dr. Dyar, embodied in his letter to the board, and did not provide for any open hearing in respect to the examination of appellant made by said doctor.

While we cannot definitely determine from the record as to whether Dr. Dyar's report concerning the result of his examination of appellant's eyes, and stating his opinion as to the cause thereof, was or was not considered as evidence by the full Board, it

does affirmatively appear that the same was in the files of the cause and was available to the full Board when the appellant's application for compensation was heard by it.

When we consider the finding and award made by the member of the board who conducted the original hearing, and who was one of the majority of the board who joined in the final award, denying compensation, it can scarcely be doubted that he considered the report in question as *persuasive* evidence bearing upon the question of whether the cataract occasioning the loss of vision was caused by the injuries suffered by appellant, or by disease, and that his judgment concerning the matter was influenced by the statements made in such report.

Our Compensation Law contains a provision as follows:

"The board or any member thereof may, upon the application of either party, or upon its own motion, appoint a disinterested and duly qualified physician or surgeon to make any necessary medical examination of the employee and to testify in respect thereto. Such physician or surgeon shall be allowed traveling expense and a reasonable fee, to be fixed by the board, not exceeding ten dollars for each examination and report, but the board may allow additional reasonable amounts in extraordinary cases.

"The fees and expenses of such physician or surgeon shall be paid by the state only on special order of the board or a member thereof."

Section 64 of The Indiana Workmen's Compensation Act of 1929; Acts of 1929, ch. 172, p. 536; §40-1515 Burns' Ind. Stat. Anno. 1933.

This statute should receive a reasonable construction consistent with orderly procedure. It authorizes

the board, or any member thereof who has heard the evidence on an application for compensation, to appoint a duly qualified physician or surgeon to make a "medical examination" of the applicant for the further information of the board, but, if this be done, we are of the opinion that, in view of the provisions of the statute, the information thus obtained and the facts disclosed by the examination can only be properly brought to the attention of the board in a manner authorized by proper legal procedure. The board should fix a time and place, when and where it will hear the testimony of the physician or surgeon appointed, giving due notice thereof to such person and to the parties to the proceedings, or, if this be impracticable for any legal reason, then the board should arrange for the taking and transmission to it of the deposition of the examiner appointed, in manner and form as provided by statute, thus giving the parties interested an opportunity to examine such witness. The context of the statute is such that it seems apparent if an examination is made upon the order of the board of its own motion pursuant to the authority conferred, the one making such examination shall "testify in respect thereto." To testify, in the meaning of the term as used in this statute, means that the person appointed shall, after due notice to him and to the parties, appear before the board, or before some officer authorized to take depositions, as a witness, and there subject himself under oath to any pertinent inquiry concerning the material facts involved in the controversy pending which may be addressed to him by any party whose rights will be affected by his testimony, or by the board, or any member thereof.

After an examination and consideration of the en-

tire record in this cause, we conclude that the award should be reversed. We express no opinion on the sufficiency of the evidence to sustain the finding of facts upon which the award is based, but reverse because, in our judgment, when the board once decided to exercise its statutory authority to have "a necessary medical examination of the employee," made by some one of its own selection, it (such board) should, either then or within a reasonable time thereafter, also have fixed a time and place for the person so appointed to appear and "testify in respect thereto." We hold that such is the plain import of the statute, and that the facts ascertained and discovered by any such medical examination should be imparted to the Industrial Board only after an open hearing where both the employee and the employer shall have an opportunity to examine the witness. It was the duty of the board to provide for such an examination of the person appointed, and this it did not do.

Award reversed with instructions to grant a new hearing of appellant's application for compensation, and that further proceedings be consistent with this opinion.