## City of Louisville v. Wheeler.

Dec. 18, 1945.

Lawrence G. Duncan, George P. Butler, and Richard H. Hill for appellant.

William Kiel for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellee, Mrs. Cora Brickey Wheeler, obtained a judgment in the sum of $990 against the City of Louisville for injuries which she sustained in a fall on a defective sidewalk. In urging reversal the City insists that (1) no actionable negligence was shown on its part; (2) Mrs. Wheeler was guilty of contributory negligence; and (3) the court erroneously instructed the jury. While the City insists that Mrs. Wheeler's injuries were much less severe than she claimed, there is no contention that she did not sustain the fall or that the damages are excessive.

At the point where Mrs. Wheeler fell one concrete block extended approximately 1¾ inches above the adjoining one. This condition was caused by the growth of a tree root under the elevated block and had existed for some time. It is the City's contention that the projection of one concrete block in the sidewalk 1¾ inches above the adjoining one is not such a serious defect, elevation, depression, or obstruction in the walkway as to charge the City with actionable negligence. The City insists that it is virtually impossible to keep all of its sidewalks in perfect condition, and that it must not be considered as an insurer of the safety of all pedestrians.

We are asked to set a limit for defects such as the one in question beyond which the question of negligence would be one for the jury and under which it would be held as a matter of law that the City was not negligent. Such a course has been followed in the state of Michigan and other jurisdictions for a number of years. Northrup v. City of Pontiac, 159 Mich. 250, 123 N. W. 1107, and cases cited therein. The Michigan rule is that an inequality of two inches or less in a sidewalk does not render it unfit and unsafe for public travel; but this Court refused to adopt the Michigan rule in the case of City of Louisville v. Haugh, 157 Ky. 643, 163 S. W. 1101, 1102. In that case it was said:

"Appellant cites in this respect the case of Baker v. City of Detroit, 166 Mich. 597, 132 N. W. 462, in which the court instructed the jury that, unless the obstruction complained of existed two inches in height, the sidewalk was in reasonably safe condition, and they could not find for plaintiff, but, if the obstruction was two inches or more in height, then it was for the jury to determine whether such obstruction amounted to a want of ordinary care on the part of the city. Such an instruction is not in accordance with the accepted rules governing the instruction of juries in this state. * * *" In a long line of cases following the Haugh Case we have held that the question as to whether the defect constitutes actionable negligence on the part of the City is one for the jury. While we are cognizant of plausible arguments which can be advanced in favor of the Michigan rule, we are not disposed at this time to overthrow our well-established rule and adopt the Michigan rule in its stead.

The basis of the contention that Mrs. Wheeler was guilty of contributory negligence as a matter of law is that she said at the time she fell she was watching heavy traffic at an intersection some 30 feet in front of her. The foreign cases of Gaver v. City of Columbus, 141 Neb. 832, 4 N. W. 2d 924; Hupfer v. City of North Platte, 134 Neb. 585, 279 N. W. 168; City of Staunton v. Kerr, 160 Va. 420, 168 S. E. 326; Ansley v. City of New Orleans, La. App., 168 So. 343, are cited in support of this contention; but our rulings are to the effect that the question of contributory negligence is one for the jury. As said in the recent case of Monroe v. City of Louisville, 278 Ky. 648, 129 S. W. 2d 119, the question of whether or not anyone using the street was at the time he re-

ceived his injury proceeding with proper care for his own safety is one for the jury; and, as pointed out in the case of City of Paintsville v. Spears, 242 Ky. 762, 47 S. W. 2d 727, one using a public street is not required to anticipate danger, but may proceed upon the assumption that the sidewalk is in a reasonably safe condition.

The contention that the court erroneously instructed the jury is based upon the idea that the court should have submitted to the jury the question of whether or not an elevated concrete block approximately 1¾ inches higher than the adjoining one is so trivial as to make the walkway not reasonably safe for persons exercising ordinary care in passing over it. The instructions given by the court were of the usual type in actions such as this, and submitted to the jury the question of whether or not the sidewalk was in a reasonably safe condition for use by pedestrians. See Stanley's Instructions to Juries, section 570. In the case of City of Dayton v. Lory, 169 Ky. 94, 183 S. W. 252, this Court refused to approve an instruction very much like the one offered by the City in the case at bar. Under the circumstances, we deem this contention also to be without merit.

Judgment affirmed.