## Carbide & Carbon Chemicals Corporation v. Cook et al.

February 18, 1947.

Eugene Hubbard, Judge.

64

J. Donald Dinning, S. E. Bevins, and Allen, McElwain, Dinning, Clarke & Ballantine for appellant.

Edrington & Redmon for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

On August 10, 1944, Robert G. Cook, who was employed as a fireman by the appellant, suffered a recurrence of an old hernia. He was examined by the Company's doctor and advised against an operation. He was given other employment and worked for the Corporation until the last of September, 1945. Shortly after he left the employ of the Corporation he received other employment and was thus engaged at the time of the hearing. On September 12, 1944, the insurance carrier informed Cook by letter that his claim had been rejected. He did not receive any compensation or medical treatment from his employer or the insurance carrier, though he was examined by the Company doctor the latter part of September, 1945. The evidence considered by the referee was that of Cook, the deposition of the doctor taken the latter part of March, 1946, and the testimony of Cook given in a deposition taken by the Corporation as if on cross examination January 23, 1946, and prior to the hearing of the case. The deposition of Cook was not filed at the hearing before the referee and was at no time introduced by the Corporation. After the submission of the case Cook's counsel moved that the submission be set aside and that he be permitted to file a certified copy of the deposition. He was permitted to do this over the strenuous objection of the Corporation.

Cook's claim was not filed within a year after he received his injury and there is nothing in his direct testi-

mony showing why he did not file it in due time. The Corporation filed a special answer pleading limitations and at the commencement of the hearing before the referee it was expressly stated that the extent of Cook's disability and the question as to whether the claim was barred by limitations were to be determined by the Board.

The principal ground urged for reversal is that the plea of limitations was good, because the referee and the Board improperly considered the deposition taken as if on cross examination. Cook concedes that his case must fall if the Corporation's contention is correct. Being of the opinion that the Corporation's contention is well grounded, we shall confine our consideration of the case principally to that question.

We have held that the provisions of the Civil Code of Practice apply in workmen's compensation cases. In the recent case of Black Mountain Corporation v. Williams, 301 Ky. 784, 193 S. W. 2d 416, 418, it was said:

"Our compensation statute, like those of other states, goes far in abolishing the technical rules of trial established by the common law or even by our Code of Practice. But it does not indicate an intent that the elementary and fundamental principles of judicial inquiry should not be observed. While the statute should receive a construction reasonably liberal, we think the evidence should be received by the Board in a manner and form authorized by customary legal procedure, which in this instance, it seems to us, was to direct the taking of the deposition of the neutral physician in the conventional way. Boyer v. Overhead Door Corporation, 107 Ind. App. 679, 26 N. E. 2d 572; Nash v. Solvay Process Co., La. App., 189 So. 493." See also Inland Steel Co. v. Newsome, 281 Ky. 681, 136 S. W. 2d 1077; Black Star Coal Co. v. Hall, 257 Ky. 481, 78 S. W. 2d 343. Certainly, if depositions in compensation cases should be taken in the customary manner, they should be so filed.

The appellee vigorously contends that a hearing before the Board is not a trial in the strict sense, and with this we agree; but, as indicated, there must be some established method of procedure. If the action of the

referee in this case should be approved, probably the next step would be for one to gather evidence on his own volition. Furthermore, it should not be overlooked also that Rule 19 of the Board provides:

"Proof—How Made—Depositions. In all hearings proof may be made by oral testimony or by depositions, when authorized by the Civil Code of Practice or by order of the Board."

Section 585 of the Civil Code of Practice follows:

"No deposition shall be read on a trial, unless, before the commencement thereof, it be filed with the papers of the case." This provision of the Code has been followed strictly. Ohio Valley Mills v. Louisville R. Co., 168 Ky. 758, 182 S. W. 955; City of Louisville v. Laufer, 140 Ky. 457, 131 S. W. 192. It is significant also that it was the appellee and not the Corporation who filed it. Certainly the Corporation could not have filed it, and we know of no rule whereby one whose deposition has been so taken could require its filing in violation of section 585 of the Civil Code of Practice.

We have held also that, where one whose deposition is taken as if on cross examination is present at the trial, he may not use the deposition because he has an opportunity to put into the record any facts to which he had previously testified. Nolty's Adm'r v. Fultz, 261 Ky. 516, 88 S. W. 2d 35.

The appellee had an opportunity to explain why he failed to file his application within the one year period at the hearing before the referee as well as before the Board. On each occasion he was silent. True it is he now takes the position that he was lulled into a sense of security by statements made to him by an officer of the Corporation, and he cites cases which uphold the right to file a claim after the one year period has expired where promises of compensation have been made, or where there has been a failure to reach an agreement. However, the most he said was the superintendent of the Company told him he would try to help him out; but he had never been awarded any compensation and had been definitely notified in writing by the insurance carrier with whom he had been in contact that it had dis-

approved his claim. The superintendent had no right to commit the insurance carrier. What he should have done, upon the receipt of such notice, was to file his claim before the Board immediately.

While we express no opinion on the question, we have serious doubt as to whether the Board would have been justified in any event in making an award for total disability, because, as we have noted, the appellee received little or no medical attention other than examination; continued to work for more than a year for the Corporation; received employment shortly after he left the Corporation; and at the time of the hearing was still employed.

Under the circumstances, we think the judgment should be reversed and the cause remanded to the Board for the entry of an order in conformity with this opinion.