# City Of Louisville v. Verst.

June 18, 1948.

Rehearing denied October 12, 1948.

Gilbert Burnett and S. M. Russell for appellant.

Edward C. Gallagher and Wilbur Fields for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, Josephine Verst, brought an action against the City of Louisville to recover general damages in the sum of $5,000 and special damages in the sum of $3,000 resulting from an accident in which she fell on a sidewalk and received serious injuries. She alleged that the sidewalk was defective. The jury returned a verdict for $8,000 in favor of the plaintiff, and from the judgment entered thereon the City appeals. It seeks a reversal for these reasons: (1) The lower court erred in overruling appellant's special and general demurrers; (2) the lower court erred in overruling appellant's motion for a peremptory instruction; (3) appellee was guilty of contributory negligence; (4) the lower court erred in refusing and giving instructions; and (5) the amount of damages is excessive.

The ground of appellant's special demurrer was that the notice pursuant to KRS 411.110 was insufficient.

The statute provides that within ninety days of the occurrence for which damage is claimed notice shall be given to the mayor, city clerk or clerk of the board of aldermen "stating the time of and place where the injury was received and the character and circumstances of the injury, and that the person injured will claim damages therefor from the city." The giving of the notice is a condition precedent to maintaining the action. Within ninety days of the accident the following notice was served on the mayor:

"To: E. Leland Taylor, Mayor, City of Louisville.

"You will take notice that on February 22, 1946, injury was sustained by me due to the defective condition of the sidewalk in front of 953 South Shelby Street in the City of Louisville. As a result of said defect, a broken hip and other injuries were sustained by me, and this is notice to you that I will claim damages therefor from the City of Louisville.

"/s/Josephine Verst"

The notice met the requirements of the statute. It gave information sufficient to enable the City to investigate the cause of the accident, and to determine the condition of the defect and the nature of the claimant's injuries. The statute providing for notice is mandatory, and must be strictly complied with, Treitz v. City of Louisville, 292 Ky. 654, 161 S. W. 2d 860, but that does not mean that the minutest details of the accident and injury must be given.

The alleged error of the court in overruling the general demurrer is not seriously argued by appellant. The petition alleged in general terms that the City negligently failed to keep the sidewalk at the point of the accident in good repair; that there were holes and depressions in the sidewalk, rendering it unsafe and dangerous; and that by reason of its unsafe condition plaintiff was caused to fall. More specific allegations were unnecessary.

Appellant's claim that its motion for a peremptory instruction should have been sustained presents a more serious question. A discussion of the question requires a brief recital of the facts. Mrs. Verst left her home at 951 South Shelby Street about 7 p. m., February 22,

1946, proceeded south on the east side of the street for a few feet and then walked diagonally across the sidewalk in a westerly direction in front of 953 South Shelby Street, intending to cross the street near the middle of the block to a grocery on the west side of the street. When she reached the center of the sidewalk she caught the heel of her right shoe in a hole in the sidewalk, causing her to fall. The sidewalk is 12 feet wide, and the hole was at the intersection of the contraction joints where the blocks of concrete had separated. The shoes worn by Mrs. Verst had military heels, and her right shoe was introduced in evidence. It shows abrasions extending ¾ inch or 1 inch from the bottom of the heel where it was caught in the hole or opening in the sidewalk. The heel of the shoe is 1¼ inches high, 2¼ inches long, and 2 inches wide. An inspector for the Board of Public Works examined the sidewalk immediately after the notice was received by the City. He testified that the hole was ½ to ¾ of an inch deep. An assistant city engineer testified that he measured the hole in the sidewalk on May 12, 1947, and that it varied in depth from ¾ of an inch to 1⅛ inches at the deep end, tapering to nothing, and was 12 inches long. William Ziegler resides at 949 South Shelby Street and assisted in carrying Mrs. Verst in the house after the accident. He testified that the hole was about 1½ inches deep and, referring to a photograph of the sidewalk, described the hole as follows:

"Right at this point here, it is jagged. You can see it right there. (Indicating) See those little things there. When the heel slipped down past them you could not raise it up. If you walked across there and hit this side your heel would slide down in there, and those jagged parts would hold the heel. You could not raise the heel out of there."

Robert J. Koehler, who resides at 951 South Shelby Street, examined the hole on the morning after the accident and saw the print of the heel of the shoe where it had caught and become wedged in the hole or crevice. He measured the hole with his finger, and stated that it was about 1½ inches deep.

It is appellant's contention that the hole in the sidewalk along the contraction joint described in the evi-

dence is not such a serious defect as to charge the municipality with actionable negligence, and we are asked to adopt the rule followed in Michigan and a few other states that, as a matter of law, an inequality of 2 inches or less in a sidewalk does not render it unsafe for public travel. A city is not responsible for every accident that might occur on its streets nor is it an insurer against all injuries which may result from obstructions or defects therein, City of Louisville v. Hayden, 154 Ky. 258, 157 S. W. 4, 46 L. R. A., N. S., 1193, but, as said in City of Bowling Green v. Ford, 263 Ky. 523, 92 S. W. 2d 744, 745, ''Ordinarily, whether a street or sidewalk is in a reasonably safe condition for use is for the jury, except where the defect is a slight inequality of the surface.'' It cannot be said, as a matter of law, that the defect in the sidewalk described in the present case is ''a slight inequality of the surface.'' It was of such a nature that an accident like the one suffered by appellee could be reasonably anticipated. Nearly all of the cases cited by appellant involved offsets in sidewalks, usually along the contraction joints, caused by a sinking or thrusting upward of the concrete pavement blocks, and the injuries occurred during the daytime. In the present case the injury was caused by a hole in the sidewalk, and Mrs. Verst testified that it was dark at the time of the accident. In City of Louisville v. Wheeler, 301 Ky. 222, 191 S. W. 2d 386, 387, the plaintiff tripped and fell at a point where one concrete block extended approximately 1¾ inches above the adjoining one. The city argued that this was not such a serious defect in the sidewalk as to charge it with actionable negligence. In answering the argument the court said:

''We are asked to set a limit for defects such as the one in question beyond which the question of negligence would be one for the jury and under which it would be held as a matter of law that the City was not negligent. Such a course has been followed in the state of Michigan and other jurisdictions for a number of years. Northrup v. City of Pontiac, 159 Mich. 250, 123 N. W. 1107, and cases cited therein. The Michigan rule is that an inequality of two inches or less in a sidewalk does not render it unfit and unsafe for public travel; but this Court refused to adopt the Michigan rule in the case of City of Louisville v. Haugh, 157 Ky. 643, 163 S. W. 1101, 1102.''

After quoting from the Haugh case, the opinion continued:

"In a long line of cases following the Haugh Case we have held that the question as to whether the defect constitutes actionable negligence on the part of the City is one for the jury."

The defect in the sidewalk in the Wheeler case was no more dangerous than the defect which caused Mrs. Verst's injuries. In fact, the defect in the sidewalk in the present case was more in the nature of a trap than was the one in the Wheeler case. We conclude that the court did not err in overruling appellant's motion for a peremptory instruction.

The section of the pavement where the injury occurred was in front of 953 South Shelby Street. Since appellee lived next door and must have passed the spot many times, it is argued that she should be charged with knowledge of the defect. It is well settled that one using a public street is not required to anticipate danger, but may proceed upon the assumption that the sidewalk is in a reasonably safe condition. We have held in numerous cases that although one knows of a defect he is not chargeable with contributory negligence if he overlooks it because his mind is distracted for the moment. This is particularly true if the accident occurs at night. In Monroe v. City of Louisville, 278 Ky. 648, 129 S. W. 2d 119, the facts tending to show contributory negligence by the plaintiff were much stronger than the facts in the present case, and it was held that the question was one for the jury.

Appellant complains of that part of instruction No. 2 which reads:

"* * * and such condition if it existed was known to the City of Louisville or to any of its officers, agents or employees, including police officers or any of them."

It is argued that notice to police officers is not notice to the city, and cases so holding are cited. These cases involved cities other than cities of the first class. KRS 95.150 makes it the duty of policemen in cities of the first class to remove nuisances from the public streets and to advise promptly the Director of Safety of all threatened danger to human life. The statute was con-

strued in City of Louisville v. Lenehan, 149 Ky. 537, 149 S. W. 932, Ann. Cas. 1914B, 164, and City of Louisville v. Carr, 204 Ky. 119, 263 S. W. 674, where it was held that notice to a policeman of a defect in a street was notice to the city.

The argument that the trial court erred in refusing to give instruction No. 4 on trivial defects offered by appellant is answered in the opinion in City of Louisville v. Wheeler, supra, where it was held that the trial court properly refused to give a similar instruction.

Appellant claims that the verdict of $8,000, which was the amount prayed for in plaintiff's petition, is excessive and is the result of passion and prejudice. The plaintiff sustained over $3,000 in special damages. She had incurred hospital and medical bills amounting to more than $1,500, and at the time of the trial her lost wages amounted to approximately $1,750. She had worked for the W. T. Grant Company as a saleswoman for sixteen years, and at the time of the accident was earning $25 a week. She suffered a broken hip, and the fractured bones were pinned. She was in a hospital for forty-five days, and was then taken to the home of relatives where she was confined to her bed for three months. It was then discovered that the bones had not united, and the second operation was performed on July 2, 1946. She was in a hospital twenty-one days after this operation, and was then confined to her bed three months at the home of relatives. It was again discovered that the bones had not united, and Dr. Charles Wood, an orthopedic surgeon, was engaged. Appellee was operated on the third time on February 25, 1947, and was placed in a body cast. Phlebitis set in, and she was given numerous treatments with penicillin. The body cast was removed after six weeks, and she was moved to a convalescent home where she was living at the time of the trial. The medical testimony is to the effect that her injuries are permanent, and that it is unlikely she will be able to resume her employment as a saleswoman. Clearly, the damages are not excessive.

Both appellant and appellee ask that a question of practice be determined since a matter of costs is involved. The verdict was returned on June 26, 1947, and on the following day appellant filed motion and grounds

for a new trial, which was overruled on July 15, 1947. On July 16, 1947, appellee had issued an execution. Appellant executed supersedeas bond on August 11, 1947, and thereafter filed motion to quash the execution issued on July 16, 1947. The court sustained the motion and later overruled appellee's motion to set aside the order sustaining the motion to quash. The ruling of the court was proper. KRS 426.030 provides "no execution shall issue on any judgment, unless ordered by the court, until after the expiration of ten days from the rendition thereof." The statute contemplates a final judgment. The filing of the motion and grounds for a new trial suspended the judgment which did not become final until the motion for a new trial was overruled. Wermeling v. Wermeling, 224 Ky. 107, 5 S. W. 2d 893; Louisville Chemical Works v. Commonwealth, 8 Bush 179, 71 Ky. 179; City of Louisville v. Muldoon, Ky., 43 S. W. 867.

It follows that the execution was prematurely issued.

Judgment is affirmed.