**BLACK MOUNTAIN CORP. v.
TIPTON et al.**

Court of Appeals of Kentucky.
Oct. 9, 1953.

James Sampson, Edward G. Hill, Harlan, for appellant.

J. Leonard Davis, Harlan, for appellees.

CAMMACK, Justice.

This is an appeal from a judgment rendered in May, 1952, affirming an award of the Workmen's Compensation Board to Clyde Tipton for an injury resulting in permanent total disability. We are asked to reverse the judgment on the grounds that (1) the doctors who testified for Tipton should not have been permitted to give their opinions as to the disability based on the history of the case or the subjective symptoms related to them by Tipton; and (2) the award is not supported by the evidence.

The two doctors who testified for Tipton described the extent of his injuries from their examinations and from the X-rays taken of him. They testified also as to the history of the case and symptoms given them by Tipton. Exceptions to the depositions of the doctors were not filed until after the Referee's opinion and award had been made. The full Board ruled that the exceptions were filed too late and therefore did not consider them. In support of this position the Board cited the case of Carbide & Carbon Chemicals Corporation v. Cook, 304 Ky. 63, 199 S.W.2d 983. In that case it was pointed out that the provisions of the Civil Code of Practice applied in workmen's compensation cases. Section 585 provided that no deposition should be read on a trial unless it was filed with the papers in the case before the commencement thereof. Section 587 provided that exceptions to depositions, except in certain particulars, should be filed before the commencement of the trial. We believe the Board properly ruled that the exceptions were filed too late. The Cook case dealt with a question

of a hearing before a Referee. We recognized in that case that, while workmen's compensation proceedings do not constitute trials in the strict sense, there must be some established method of procedure in them. Furthermore, Rule 19 of the Board provided that proof could be taken orally, or by depositions, when authorized by the Civil Code of Practice.

We find no basis for the contention that the Board's award is not supported by the evidence. As pointed out by the Board, such incompetent statements as Tipton's doctors may have made were waived because exceptions to their depositions were not filed in time.

Judgment affirmed.