CITY OF NICHOLASVILLE, Appellant,

v.

Ruth SCOTT, Appellee.

Court of Appeals of Kentucky.

Jan. 29, 1965.

Rehearing Denied April 23, 1965.

James F. Clay, Danville, John S. Deering, Nicholasville, for appellant.

William H. McCann, Brown, Sledd & McCann, Lexington, for appellee.

STEWART, Judge.

This appeal is from a judgment awarding Ruth Scott damages of $5000 against the City of Nicholasville (herein referred to as "the city") for personal injuries she suffered in falling on a city sidewalk.

The city claims: (1) It was not negligent in the maintenance of the particular sidewalk; and (2) the injured person failed to exercise proper care to avoid the accident.

Appellee is a practical nurse, 59 years of age, who has resided in Nicholasville for 35 years. On October 13, 1962, she was walking south on the west side of South Second Street in the above city. When approximately 25 feet from a point where South Second Street intersects Maple Avenue, she stumbled on a raised portion of the sidewalk, fell and fractured both elbows of her arms. She testified "* * * I struck my right toe against it and down I went. I didn't know it was there."

According to appellee's testimony, the accident occurred about 6:00 o'clock in the morning at a time when visibility was very poor. Rain had been falling and it was misty and foggy. She testified there was a small light on the rear of a church across the street from the point of her fall and a dim light on South Second Street at the far end of the block from Maple Avenue. At least two lights on Maple Avenue were burning, but these did not illuminate as far as South Second Street, she said. She described the scene of the accident as being "not well lighted" and "almost dark" at the time she fell.

Near the site of the accident is a tree stump in the utility strip between the curb and the sidewalk. Through the years its roots have grown under the sidewalk and elevated the edge of the block so that there is a projection above the adjoining one at the joint between these two blocks of pavement. The evidence reveals that this inequality is about one inch high at the edge nearest the stump and that it

gradually tapers to level near the other side of the walk. It is undisputed that this difference in elevation has existed for many years.

It is the contention of the city that the defect in the sidewalk where appellee fell amounted to nothing more than a condition of unevenness in its surface and therefore was not such a hazard as to impress the mind of a reasonably prudent person that the sidewalk was dangerous or unsafe.

The same argument was advanced under a somewhat similar fact situation in City of Louisville v. Verst, 308 Ky. 46, 213 S.W. 2d 517. There, in an action for damages against the City of Louisville for injuries received by a woman who fell on a sidewalk, as a result of catching the heel of her shoe in a hole from one-half or three-fourths to one and one-eighth or one and one-half inches deep along a contraction joint, it was held the trial court properly refused to instruct that such defects were too trivial to render a sidewalk unsafe for pedestrians who exercised ordinary care. The case of City of Louisville v. Wheeler, 301 Ky. 222, 191 S.W.2d 386, held likewise where one section of the sidewalk extended one and three-fourths inches above the adjoining one.

It is apparent from the Verst case that a depression or elevation of no more than one-half inch in depth or height in the surface of a sidewalk could be such a serious danger, if one falls and is injured by reason of it, as to charge a city with actionable negligence. The Wheeler case pointed out, too, that this Court has refused to set a limit in respect to a defect in a sidewalk "beyond which the question of negligence would be one for the jury and under which it would be held as a matter of law that the City was not negligent." See also City of Cynthiana v. Sersion, 261 Ky. 667, 88 S.W.2d 672.

This Court, speaking on the matter in issue, made this significant statement in City of Louisville v. Haugh, 157 Ky. 643, 163 S.W. 1101, 1102:

"The distinction between a hole in the street which would render a street unsafe and a hole that would not do so is a thing practically impossible to define. The depth of the hole alone would not control such characterization. Its shape, its size, its location with reference to the street lighting, its location with reference to the conditions and extent of public travel, and many other considerations would enter into the determination of the question of the effect of such hole upon the safety of the street, and would make the inquiry as to whether such hole amounted to a want of ordinary care upon the part of the city peculiarly a question for the jury."

The city next maintains appellee's conduct precluded recovery for her injuries as a matter of law. In this connection it argues the law presumes a pedestrian is aware of the general lack of perfection in the level of the sidewalks of every city; and it points out there will necessarily be depressions and elevations, as it is virtually impossible to have the surface of a sidewalk smooth and even. If appellee fell it was because she failed to watch for and observe these conditions and thereby avoid the mishap. Be that as it may, in the case at bar appellee encountered the kind of defect which, we have concluded under the circumstances recited, would raise a question of whether the city used ordinary care when it permitted the sidewalk to remain in the condition described above.

The cases relied upon as sustaining the city's contention dealt with instances where the pedestrian was precluded from recovering for injuries received in falling over a sidewalk defect when the particular hazard was *known*.

It is established in this case that appellee had no knowledge at any time of the defect in the sidewalk which caused her

fall. She was tripped on an unfamiliar street at a time when her ability to see was impaired. In City of Louisville v. Verst, supra, it was held that one using a public sidewalk is not required to anticipate that danger may arise from its use but may proceed on the assumption that such a walkway is in a reasonably safe condition.

In the case at bar the questions of the city's negligence and of appellee's duty to exercise ordinary care for her own safety were submitted to the jury. The action of the trial court in this respect was proper. The verdict is supported by the evidence.

Wherefore, the judgment is affirmed.