**CITY OF LOUISVILLE, Appellant,**

v.

**Mary Lee WILLOUGHBY, Appellee.**

Court of Appeals of Kentucky.

June 5, 1970.

Eugene H. Alvey, Director of Law, William A. Stephenson, Charles D. Scott, Asst. Directors of Law, Louisville, for appellant.

Laurence E. Higgins, Louisville, for appellee.

PLEAS JONES, Special Commissioner.

This is an appeal by the City of Louisville from a judgment entered against it pursuant to a jury verdict awarding the appellee, Mary Lee Willoughby, $4500 for personal injuries she received in a fall on a city sidewalk. The City claims: (1) The appellee was contributorily negligent as a matter of law; and (2) the trial court erred in excluding evidence of a hospital record. So that we may view these contentions in their proper perspective, it is necessary that we detail the evidence as it relates to them.

On Wednesday evening, May 17, 1967, at approximately 9 p. m., appellee left her home at 3300 Bohannon Street to meet her mother who was attending a church in the vicinity. She walked west on Thornberry, then turned north on Taylor Boulevard, and as she was walking along the sidewalk, on the east side of Taylor Boulevard, she fell on a defect in the sidewalk located near 3219 Taylor Boulevard. At the time of the fall she was walking three small Pomeranian dogs, as she was accustomed to do on occasions when she went out. As a result of the fall she suffered rather severe injuries to her elbow, and the medical testimony indicates that there was some degree of permanency to her injury.

The appellee described the defect in the sidewalk as involving two concrete blocks, each six feet long, so that the overall length was twelve feet. Both concrete blocks were connected in the middle. One-half of the first block was on an incline upward; the other half was on an incline downward. There was an abrupt drop from the incline of six or eight inches. The appellee described the blocks as being "buckled." The numerous photographs filed as exhibits in the trial court by both appellee and appellant indicate that the appellee gave an accurate description of the condition that existed in the sidewalk at the time she fell.

According to the evidence of the appellee, it was dark at the time she fell. Appellee's mother testified it was "night." Appellant's witness Brown testified, "I don't know if it was dark or it was still dusk." In any event, it is conclusively established that the visibility was poor at the time and place of the accident.

The appellant argues, in support of its contention that the appellee was contributorily negligent as a matter of law, that the appellee fell while looking straight ahead and she had prior knowledge of the defective condition in the sidewalk. The City cites a number of cases in support of this contention, but the cases cited deal with instances where the pedestrian was precluded from recovery for injuries received in falling over a defect when the pedestrian knew the hazard, or during daylight hours walked blindly into an obvious danger which was in plain view. The cases relied upon by the appellant are distinguishable on the facts from the case at bar.

■ We are not persuaded from the testimony that the appellee was aware of the defect at the time she fell and was injured. She testified that she was not

familiar with the sidewalk at the time she fell. Upon cross-examination, she testified that she may have been by the sidewalk once or twice in her life. She was asked specifically on cross-examination the following:

Question: "Weren't you aware at that time of—on the night of this accident that there was something wrong in that area?"

Answer: "No, sir."

Question: "Had no awareness or even a vague awareness of it?"

Answer: "No, sir, not before I fell, certainly."

She did testify that after the accident she had a vague awareness that there was something wrong in the block, but she testified she was not familiar with the area and had no occasion to walk on that particular sidewalk until the night of the injury.

■ The appellant argues further that the appellee was under a duty to observe the defect as she approached it. Appellant says the fact that it was dusk or dark increased that duty. We disagree with this premise and adhere to the principle enunciated in City of Louisville v. Verst, 308 Ky. 46, 213 S.W.2d 517, wherein we said:

"It is well settled that one using a public street is not required to anticipate danger, but may proceed upon the assumption that the sidewalk is in a reasonably safe condition. We have held in numerous cases that although one knows of a defect he is not chargeable with contributory negligence if he overlooks it because his mind is distracted for the moment. This is particularly true if the accident *occurs at night*." (Emphasis added.) Id. 213 S.W.2d at 520.

■ We conclude, therefore, that the appellee was not as a matter of law guilty of contributory negligence. The trial court submitted to the jury the question of the City's negligence and appellee's duty to exercise ordinary care for her own safety. We think that the action of the trial court in this respect was proper and that the verdict is supported by the evidence.

We now turn to appellant's contention that the trial court erred in excluding from the evidence the hospital report. Appellant offered in evidence an out-patient hospital record which pertained to emergency-room treatment of the injuries received by the appellee in her accident. Part of this report was typewritten, and under a section of the report designated "Insurance Company," there appears a hand-printed notation, "fell over dogs." The trial court sustained appellee's objection to the introduction of the record into evidence, and a copy was filed in the record with the custodian's avowal.

Appellant relies upon Whittaker v. Thornberry, 306 Ky. 830, 209 S.W.2d 498, in which this court dealt with the admissibility of hospital records. The holding in that case was that an authenticated hospital chart is admissible in evidence where the party offering it shows the necessity of admitting the record without requiring the person or several persons who made it, or caused it to be made, to testify.

■ We are of the opinion that the appellant had not complied with the rule enunciated in Whittaker v. Thornberry, supra. The custodian testified that she didn't have any idea who wrote the words, "fell over dogs." This notation is not in the history of the case and, as a matter of fact, in the portion of the out-patient report detailing a history of the patient, it is noted that the doctor who made the report stated: "Patient fell yesterday on the sidewalk." Appellant failed to show that a person having knowledge of the facts made the record contemporaneously or within such time thereafter as to be a part of the transaction, as required by the

rule announced in Whittaker v. Thornberry, supra. We conclude that the trial court was correct in excluding from the evidence the extraneous entry in the outpatient report for the reason that it had not been properly authenticated.

We find no prejudicial error in the record.

The judgment is affirmed.

All concur.