[No. 7653.]

## CITY OF PUEBLO V. SMITH.

1. MUNICIPAL CORPORATIONS—*Duty as to Condition of Streets.* Municipal Corporations are required to construct their streets, and maintain them, under all circumstances, in reasonably safe condition for ordinary travel by those using due care in traversing the particular part of the highway which may be in question. Under no condition can a municipality be regarded as an insurer to those using the streets. (502)

2. NEGLIGENCE—*Unforseen Results.* Municipal corporations are required to guard against such dangers as can, or by the exercise of reasonable prudence ought to be anticipated; and where an accident happens to a traveler from some slight defect from which, according

to common experience, danger is not to be reasonably anticipated, the municipality is not chargeable, e. g. where one, riding a bicycle over a viaduct, is thrown by reason of an inequality in the thickness of the planks by which the viaduct is covered, varying from one-fourth to three-fourth of an inch. (503)

3. Negligence—*For the Jury*, as a rule; otherwise where the facts are not in dispute, or upon the evidence negligence or the absence of negligence is evident and unquestionable. (502)

*Error to Pueblo District Court.*—Hon. J. E. Rizer, Judge.

Mr. A. W. Arrington, for plaintiff in error.

Mr. M. J. Galligan, for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court:

Plaintiff Hugh M. Smith, a mail carrier in Pueblo, was returning to the post office on a bicycle, after his usual delivery of mail. Upon crossing Union Avenue viaduct, a general thoroughfare of the city, his wheel struck an obstruction in the floor; he fell and was injured; and for the injury sustained, he recovered judgment against the city for $5,000. It brings the case here for review.

1. There is no material dispute over the facts affecting the merits of the case. Union avenue, upon which there is constructed a viaduct about 400 feet in length and 32 feet wide, is one of the principal streets of Pueblo. In the latter part of 1909, it became necessary to refloor this viaduct, which was done with what is commonly termed three inch plank, which varied somewhat in thickness. These planks were laid lengthwise on the bridge, and this difference in thickness caused an unevenness in the floor where they came together varying in some places according to witnesses who measured the difference, from a quarter to three quarters of an inch.

The street car tracks cross this viaduct, and at the time of the accident, plaintiff was riding his bicycle be-

tween the rails on one of the tracks. Hearing a car coming behind him, he attempted to ride off the track, and striking one of the raised edges of the plank, fell and was injured.

At the close of plaintiff's evidence, defendant asked the court to direct a verdict for the city, which motion was denied, and the error assigned on this ruling is the only one we will consider.

2. The question presented is, was it negligence on the part of the city to plank the viaduct in such a manner as to leave it in an uneven condition, and whether or not, under the undisputed facts the court should, as a matter of law, have determined this question in favor of the city.

The general rule applicable to this subject is, that cities shall construct and maintain the streets, under whatever circumstances may arise, in a reasonably safe condition for ordinary travel by those using in a proper manner, that particular part of the highway. Under no conditions can a municipal corporation be regarded as an insurer of the safety of those using the streets.—*Abbott on Municipal Corporations*, § 1024; *Boulder v. Niles*, 9 Colo. 415, 12 Pac. 632; *Denver v. Moewes*, 15 Colo. App. 28, 60 Pac. 986; *Beltz v. City of Yonkers*, 148 N. Y. 67, 42 N. E. 401; *Kelchner v. Nanticoke Boro.*, 209 Pa. 412, 58 Atl. 851.

3. As a rule, the existence of negligence is a question of fact for the jury; but it is otherwise when the facts are not in dispute, or where the negligence or its absence is evident and unquestionable.—*C. C. R. R. Co. v. Holmes*, 5 Colo. 205; *Jackson v. Crilly*, 16 Colo. 107, 26 Pac. 331; *C., B. & Q. R. R. Co. v. McGraw*, 22 Colo. 366, 45 Pac. 383; *Colo. & Southern Co. v. Reynolds*, 51 Colo. 231, 116 Pac. 1043; *Mau v. Morse*, 3 Colo. App. 362, 33 Pac. 283; *Cemetery Ass'n v. Davis*, 4 Colo. App. 572, 36 Pac. 911; *Thompson Co. v. Phillips*, 22 Colo App. 440, 125 Pac. 563.

It seems to us that the remarks of the court in *Beltz v. City of Yonkers, supra,* are peculiarly applicable to

cases of this character.  Justice O'Brien, speaking for the court, said:  "Assuming that the defendant's officers were men of reasonable prudence and judgment, could they, in the reasonable exercise of these qualities, have anticipated this accident or a similar one from the existence of this depression in the walk? They could undoubtedly have repaired it at very little expense, but the omission to do so does not show or tend to show that they were negligent unless the defect was one of such a character that a reasonably prudent man should anticipate some danger to travelers on the walk if not repaired.  If the existence of such a. defect is to be deemed evidence of negligence on the part of a city, then there is scarcely any street in any city that is reasonably safe within such a rule, and when accidents occur the municipality must be treated, practically, as an insurer against accidents in its streets.  The law does not prescribe a measure of duty so impossible of fulfillment or a rule of liability so unjust and severe.  It imposes upon municipal corporations the duty of guarding against such dangers as can or ought to be anticipated or foreseen in the exercise of reasonable prudence and care, but when an accident happens by reason of some slight defect from which danger was not reasonably to be anticipated, and which, according to common experience, was not likely to happen, it is not chargeable with negligence."

In the case before us, to sustain the judgment, we must virtually say that every municipality must maintain its streets, bridges and viaducts not only in a reasonably safe condition for ordinary travel, but must use extraordinary precautions to maintain them free from all ruts, . holes, projections, depressions or unevenness exceeding a difference of from half an inch to an inch and a half from the general surface of the street, or be compelled to respond in damages for any accident which might be occasioned by reason of such unevenness.  The unreasonableness of such a rule is the best argument against it; it would be contrary to the well established principles of

law on this subject, and we must decline to entertain such a proposition.

The judgment is reversed and the cause remanded with directions to dismiss the complaint.

*Reversed and remanded.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.