No. 9512.

CITY AND COUNTY OF DENVER *v.* HATTER.

MUNICIPAL CORPORATION—*Sidewalk.* In actions against municipal corporations for personal injury attributable to defects in the public walk, each case must, as to the character of the defect, be governed by its own circumstances.

There was a space of eight or nine inches in the walk which was unpaved. The flagging beyond this space was higher than the uncovered space, of from an inch to an inch and a quarter. Plaintiff, passing in the evening before the lighting of the street lamps, caught her foot on the exposed edge of the flagging, and suffered a fall with attendant injury. *Held* the case was properly left to the jury. *Pueblo v. Smith*, 57 Colo. 500, distinguished.

*Error to Denver District Court, Hon. A. Watson Mc-Hendrie, Judge.*

*Department One.*

Mr. JAMES A. MARSH and Mr. JACOB J. LIEBERMAN, for plaintiff in error.

Mr. HENRY E. MAY, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

DEFENDANT in error sued the city for personal injuries resulting from her fall over an obstruction in the sidewalk and had judgment.

It appears that something more than a year prior to the accident a part of the sidewalk on Colfax Avenue, between Pennsylvania Street and Pearl Street, had been relaid in concrete, and that from the end of the new walk to the old flagging there was a space of eight or nine inches wide on which there was no walk. The flagging was, according to the evidence, from an inch and a quarter to two and a half inches higher than said uncovered space. Plaintiff caught her foot on the exposed edge of flagging and fell down, thus receiving the injuries for which she seeks damages. The fall occurred in the evening after dark, the nearby street lamps not being, at the time, lighted.

The city contends that the court erred in not granting a motion for a non-suit, and in refusing certain requested instructions. As to the first proposition, it is said that the projection of the flagging, above the level of the walk west of it, was so small that the court should have held it not such a defect as the city was required to correct; in other words, the walk was reasonably safe, and that there was, therefore, nothing to submit to the jury.

It is evident that each case must be determined on the facts in evidence, there being no general rule which may be applied to all cases. If the facts are such that reasonable men might properly draw different inferences therefrom, it is a case for the jury.

Counsel urge that the case is governed by the ruling in *Pueblo v. Smith,* 57 Colo. 500, 143 Pac. 281, but we do not agree with that contention. There Smith was riding a bicycle on the driveway of a viaduct, on which new planking had recently been laid, the planks running lengthwise of the roadway. Smith was turning from the street car tracks when his wheel struck the raised edges of one of the planks, and he was thrown down. It does not appear what was the height of the obstruction which caused Smith's fall, the only statement in the opinion being that the unevenness in the floor, where the planks came together, varied from a quarter to three quarters of an inch. Such defects would clearly not be regarded as dangerous in a driveway. Persons could not reasonably differ on that proposition.

Here the unevenness is not only much greater, but it is in a sidewalk. The facts are such that the court was justified in submitting the question of negligence to the jury. The instruction given fully covered the case and the court did not err in refusing the requested instructions.

The judgment is accordingly affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Burke concur.