## No. 10,862.

### CITY AND COUNTY OF DENVER *v.* BURROWS.

Decided July 7, 1924.

Action for damages alleged to have occurred by reason of a defective sidewalk.    Judgment for plaintiff.

### *Reversed.*

1.  MUNICIPAL CORPORATIONS—*Defective Sidewalk.*    Mere irregularity in the surface of a way does not of itself make a city liable for damages sustained at such a place.    A municipality is held only to the maintenance of a reasonably safe sidewalk,

2.   *Sidewalks—Actionable Defect.* A defect in a street or side-walk, to be actionable, must be such that a reasonably prudent person would anticipate danger from its existence.

3.   *Sidewalks—Actionable Defect—Jury or Court Question.* Whether or not a defect in a sidewalk is actionable is some-times a question for the jury, at others one of law for the court. Each case must be determined on the facts in evidence.

In the instant case an elevation of the edge of a cement block in a sidewalk of 1⅝ inches, held as a matter of law, not to render the walk unsafe.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. RICE W. MEANS, Mr. DE S. DE LAPPE, for plaintiff in error.

Mr. FOSTER CLINE, Mr. EUGENE HIGGINS, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action brought against the City and County of Denver to recover damages for injuries sustained by plaintiff as the result of her having stumbled upon a side-walk. There was a verdict and judgment for plaintiff, and defendant brings the case here.

The accident, resulting in the injury, was caused by plaintiff's striking her toe against one block of a cement sidewalk which was slightly elevated above the adjoining block. She fell upon the sidewalk and was injured.

It is contended by plaintiff in error that, as a matter of law, the city was not negligent and is not liable because of the alleged defect in the sidewalk.

There are numerous cases which have dealt with a similar situation. See 20 L. R. A. (N. S.) 640; 43 L. R. A. (N. S.) 1158; 6 McQuillin Municipal Corporations, § 2785. Mere irregularity and inequality of the surface of a way does not of itself make a city liable for damages sustained at such a place. A municipality is held only to the main-

tenance of a reasonably safe sidewalk. *Griffith v. Denver,* 55 Colo. 37, 44, 132 Pac. 57; *Pueblo v. Smith,* 57 Colo. 500, 143 Pac. 281. A defect in a street or sidewalk, to be actionable, must be such that a reasonably prudent person would anticipate danger from its existence. *Denver v. Hyatt,* 28 Colo. 129, 63 Pac. 403. Sometimes this is a question for the jury, as in *Griffith v. Denver, supra,* and sometimes the defect is such that, as a matter of law, it is not actionable, as was the case in *Pueblo v. Smith, supra.* Each case must be determined on the facts in evidence. *Denver v. Hatter,* 68 Colo. 194, 188 Pac. 728.

In the instant case the sidewalk was properly constructed. It consisted of cement blocks. A root, or roots, of a tree situated in the parking grew under two of the blocks and tipped them slightly by raising that corner of each, respectively, which was nearest to the tree. One of these blocks was so elevated that while one end thereof was even with the adjoining block, the other end was 1⅝ inches higher. The elevation was 1⅜ inches at the point where, according to testimony, the plaintiff struck her toe against the edge of the raised block. There was no intervening space between the blocks.

In *Denver v. Hatter, supra,* there was involved a defect in a sidewalk where there was a space of eight or nine inches intervening between flagging and the concrete, and the flagging was from an inch and a quarter to two and a half inches higher than the uncovered space. The facts in that case sufficiently differ from those in the instant case to preclude the Hatter Case from being decisive here.

An inequality of two inches or less has been held, as a matter of law, not to render it not reasonably safe for public travel. *Northrup v. Pontiac,* 159 Mich. 250, 123 N. W. 1107. See also *Beltz v. City of Yonkers,* 148 N. Y. 67, 42 N. E. 401, cited in *Pueblo v. Smith, supra.*

In our opinion, the defect involved in the instant case was such that, as a matter of law, it did not render the sidewalk not reasonably safe. It was a slight defect from which danger was not reasonably to be anticipated.

The judgment is reversed and the cause remanded with directions to dismiss the complaint.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.