[Civil No. 4156. Filed January 2, 1940.]

[97 Pac. (2d) 535.]

DELLA C. DILLOW, Appellant, v. CITY OF YUMA, a Municipal Corporation Within the State of Arizona, Appellee.

Messrs. Fred L. Ingraham and J. Fred Hoover, for Appellant.

Mr. William H. Westover, for Appellee.

ROSS, C. J.—The plaintiff commenced this action against the City of Yuma for damages for personal injuries sustained in falling upon one of its cement sidewalks, which she alleges was defective as will hereafter appear.

After plaintiff had introduced her evidence, on motion of defendant the jury was instructed to return a verdict for defendant. The grounds upon which the court directed the verdict for defendant are (1) that the charter of the City of Yuma does not make it the duty of the city "to keep sidewalks in repair and in safe condition for the use of the public"; (2) the city is not an insurer against accident of people who walk along its sidewalks, and the evidence is insufficient to show the city was negligent; and (3) variance between the allegations and the proof.

The plaintiff has appealed, contending the court's rulings were erroneous and prejudicial. By her assignments she first presents this proposition of law: That it was the duty of the defendant to keep its sidewalks reasonably safe for travel thereon. This duty is one that arises from the fact that the law gives the defendant authority and power over its streets and sidewalks. Among the enumerated powers given to cities, in addition to those in their charters, are:

" . . . 1. To lay out and establish, open, alter, widen, extend, grade, pave or otherwise improve

streets, alleys, avenues, sidewalks, parks and public grounds, and vacate the same; . . . 17. to establish and alter the grade of streets, alleys and sidewalks, and to regulate the manner of using the streets and pavements in the city to protect the same from injury by vehicles driven thereon; . . . '' Section 408, Revised Code of 1928.

Defendant's charter contains similar provisions. Both under the statute and its charter the defendant was vested with the power to improve and control its streets and sidewalks, and the facts show that it assumed to act under such power by constructing the sidewalk where the plaintiff was injured.

 There are two lines of cases, one that holds the city in such circumstances is under a duty to keep its streets and sidewalks reasonably safe for travel thereon and liable in damages to persons sustaining injury by reason of their unsafe condition, 43 Corpus Juris, 974, section 1755, and the · other holds that there is no liability, on the theory that the negligent acts or omissions causing the injury are those of public officers performing a governmental function, 43 Corpus Juris, 977, section 1756. We have aligned ourselves with those jurisdictions that hold a municipality vested with power to improve and control its streets and sidewalks is liable for injuries sustained for a failure to keep them reasonably safe for travel. *Schultz* v. *City of Phoenix,* 18 Ariz. 35, 156 Pac. 75; *Town of Flagstaff* v. *Gomez,* 23 Ariz. 184, 202 Pac. 401, 23 A. L. R. 661; *City of Phoenix* v. *Clem,* 28 Ariz. 315, 237 Pac. 168; *City of Phoenix* v. *Mayfield,* 41 Ariz. 537, 20 Pac. (2d) 296.

Plaintiff insists the evidence of negligence upon the part of defendant was sufficient to take the case to the jury. The complaint described the defect as being

"a hole in and upon the said sidewalk, approximately twenty-four (24) inches in length, four or five inches in width and approximately two (2) inches in depth; that this condition had existed many months, to-wit, more than seven months prior to the injuries herein complained of, and was then known, and by reason of the length of time such condition had existed was and had been known by said defendant to exist, and that by reason of such condition, as hereinabove complained of, it was unsafe and dangerous to pedestrians passing over same;" and "the plaintiff . . . was walking along and upon said sidewalk at a point near said hole in an easterly direction at a moderate and cautious rate of speed and by reason of the said hole and want of repair in the said sidewalk at the place aforesaid as hereinabove described the plaintiff's right foot in so walking fell into said hole and came violently into contact with the bottom and side of said hole and the same tripped plaintiff and as a result thereof plaintiff was violently thrown down and in so falling plaintiff's body was violently thrown" etc.

There was evidence to sustain the above allegations. It appears therefrom that the defect in the sidewalk was on the north side of Second Street, between Main Street and Madison Avenue and near the southeast corner of the Arizona Properties Building and at a point where the travel is heavy. At that point the sidewalk is about five feet wide, and two feet inside the walk is a city light post. The plaintiff, on June 10, 1936, at about 10 A. M., was walking east on said sidewalk and just as she approached the city light post and was passing it she met a man carrying a heavy object on his left shoulder, and to give him space to pass she turned to the right around the light post and before she saw the hole in the walk she stepped into it and fell. She had been over the walk many times before but had traveled on the inside of it, because it was smooth

and unbroken and by so doing she avoided the break or hole described in the complaint. The hole had been there from eight to ten years, in practically the same condition as on the day of the accident.

Under this evidence the court decided as a matter of law defendant was not guilty of actionable negligence in leaving the defect in the sidewalk.

 Whether an injury caused by a defect in a street or sidewalk is actionable or whether the defect is so slight and inconsequential as not to form the basis of an action for negligence is, or should be, primarily a question for the court; but there is wide disagreement among the courts as to when a defect may or may not be declared as a matter of law harmless. In *Shugren* v. *Salt Lake City,* 48 Utah, 320, 159 Pac. 530, 533, the court, after discussing the cases on the question, laid down the following rule:

 " . . . It seems to us that in case it is made to appear that reasonable men might arrive at different conclusions with regard to whether the maintenance of a particular defect in a sidewalk or street constituted negligence on the part of the municipality, the question should be submitted to the jury. That method is certainly quite as safe, and much more logical than to have the courts as matter of law declare that the maintenance of a projection 2½ inches in height is not an actionable defect, while one of 3 inches or more is. Of course there may be defects so slight and unimportant, or by reason of their location may be so unimportant, that a court might well say as matter of law that the maintenance thereof did not constitute negligence on the part of the municipality. Under such circumstances, however, reasonable men may not differ. However unsatisfactory the foregoing test may be, yet it is the only practical, and, all things considered, the fairest test that courts have been able to evolve. A careful reading of the foregoing cases we have cited in this opinion demonstrates the truth of the foregoing statement.

"We feel constrained to add that it must be obvious to all that not every raise or projection in a street or sidewalk can be held objectionable. . . . "

We believe the above to be a fair statement of the rule in most jurisdictions at the present time. Certainly under the facts here reasonable men might differ as to whether the defendant was under a duty to repair the described defect in its sidewalk. The defect was not so slight that the court could say it was not dangerous. At most, it was in what one court designates as "a shadow zone," and every such case should be left to the jury. We quote:

"The decisions establish that an irregularity may be so slight that the court is required as a matter of law to say that such unevenness is not evidence of lack of reasonable care, but there is a shadow zone where such question must be submitted to a jury whose duty it is to take into account all the circumstances. To hold otherwise would result in the court ultimately fixing the dividing line to the fraction of an inch, a result which is absurd. The true principle was tersely stated by Judge Trexler in the case of *Shafer* v. *Philadelphia,* 60 Pa. Super. 256, as follows: 'What particular shallowness of depression in a sidewalk or street forms such a slight inequality in the surface, as to excuse its presence and release the city of liability therefor cannot be definitely stated. Each case must necessarily be determined by the surrounding circumstances and generally the matter must be left to the jury.' " *Kuntz* v. *City of Pittsburgh,* 123 Pa. Super. 394, 187 Atl. 287, 289.

We do not list the numerous cases that have passed upon the question but we have no doubt that the great weight of authority coincides with the view we have expressed.

█ We do not think there was a variance between the allegations of the complaint and the proof as to the cause of plaintiff's injury. The plaintiff, who was a witness, was asked:

"Was there anything about this hole that you stepped into that caused you to turn your ankle and sprain your ankle besides the existence of the hole?"

to which she answered:

"There seemed to be gravel or part of the cement in it that was loose in the bottom of the hole."

This question was objected to as eliciting something outside of the pleadings, and the court seemed to take the position that the answer constituted a variance.

There was evidence also that indicated pretty clearly that there would have been no accident except for the meeting with the man loaded with a heavy object, necessitating plaintiff's turning to the right and, unfortunately, into the hole. The gravel or loose cement in the bottom of the hole and the concurrent meeting with the man were only conditions surrounding the accident and not its cause. The cause of the accident, according to the allegations of the complaint, is that plaintiff stepped into the hole and was tripped thereby and thrown down.

The judgment of the lower court is reversed and the cause remanded with directions for a new trial in accordance herewith.

LOCKWOOD and McALISTER, JJ., concur.