CITY OF GUYMON v. EATON.

No. 30917. Sept. 21, 1943.

*141 P. 2d 555.*

Vincent Dale, City Atty., and Grester H. Lamar, both of Guymon, and Beth Dale, of Beaver, for plaintiff in error.

F. C. Swindell, of Tulsa, and Hughes & Dickson, of Guymon, for defendant in error.

DAVISON, J. Mrs. Jennie L. Eaton lives at Hooker, Okla. On the 2nd day of May, 1940, she visited the city of Guymon where a "Pioneer Day Celebration" was in progress. At 10 o'clock a.m., while walking along one of the sidewalks near the business section of the city and endeavoring to watch a parade, she stepped in a hole in the sidewalk. She fell and was severely injured.

On the 4th of March, 1941, she instituted this action in the district court of Texas county seeking to recover damages in the sum of $26,500 by reason of the alleged negligence of the city in failing to keep the sidewalk in a reasonably safe condition for use by pedestrians. Issues were joined. Later the cause was tried to a jury resulting in

a verdict and judgment for the plaintiff for the sum of $1,000.

In the trial of the cause the defendant city invoked the "trivial defect" rule, which the trial court refused to apply. In this appeal by the city the complaint is based upon the refusal of the trial judge to apply the rule invoked. The evidence was such that no question relating to causal connection or extent of damages, or prior existence of the condition long enough to impute knowledge to the defendant city, are involved in this appeal.

The city was carefully defended in the trial tribunal and the alleged error complained of is properly presented for review.

The rules of law to be applied in this appeal are stated in paragraphs 2 and 3 of the syllabus in City of Tulsa v. Lewis, 189 Okla. 470, 117 P. 2d 784. We quote:

"In an action to recover damages alleged to have been caused by the negligence of a municipality in permitting an obstruction or defect to remain in a street or sidewalk, where the obstruction or defect shown by the evidence is so slight or trivial that careful and prudent men will agree that it would not amount to a danger or menace to the traveling public, there is no question of fact as to negligence to submit to a jury.

"But where in such an action the obstruction or defect as shown by the evidence is such that careful and prudent men might differ as to whether such obstruction or defect would amount to a danger or menace to the traveling public, then the question of negligence becomes one of fact for the jury."

The authorities upon which the foregoing rules are based are reviewed in the opinion in that case and will not be reiterated herein.

The question in this appeal, then, is whether the defect in the sidewalk was so "slight or trivial" that careful and prudent men would agree that it would not amount to a danger or menace to the traveling public.

The record contains pictures, as well as oral testimony, reflecting the condition of the sidewalk. The upper portion of the sidewalk was incomplete, as a piece roughly shaped like a large V laying horizontally was gone. The sidewalk was approximately five feet wide and the V extended into the walk 27 inches. The edges created a drop ranging from 1⅝ inches to 1¾ inches. Apparently the center was more depressed, although the oral testimony is not clear on the point. The abrupt drop was at a place in the walk where no such drop would be expected and where no plan or design gave a plausible excuse for its presence. The defective condition was such as to be reasonably close on the rule of the law here involved as heretofore applied by this court. Being a debatable matter in itself argues against removing the case from the jury on application of the "trivial defect" rule, since the recognition of reasonable grounds for disagreement connotes an existing condition upon which reasonable men might not agree.

After carefully considering the matter in the light of the authorities reviewed in the above cited case, we are of the opinion that the trial court did not err in submitting the cause to the jury, and so hold.

The judgment of the trial court is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, WELCH, and HURST, JJ., concur. BAYLESS, J., dissents. OSBORN and ARNOLD, JJ., absent.