**STOFFEL, Plaintiff-Appellant, v. CINCINNATI (City), Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

Nos. 7160 & 7161. Decided January 23, 1950.

R. E. Simmonds, Jr., Clarence A. Schnieders, Cincinnati, for plaintiffs-appellants.

Henry M. Bruestle, J. B. Grause, Jr., Wallace M. Power, Cincinnati, for defendant-appellee.

### OPINION

By THE COURT:

Appeal on questions of law from a judgment of the Common Pleas Court of Hamilton County, in favor of defendant, entered at the close of the plaintiff's evidence, on motion of defendant. The court found that in such evidence it appeared as a matter of law that the plaintiff was guilty of contributory negligence.

From the record it appears that the plaintiff, a woman 57 years of age, wearing bifocal glasses, in passing along a sidewalk in the City of Cincinnati, over which she had never walked before or seen, slipped her toe in a crevice created by one slab of the sidewalk, having been pried up by the roots of an adjacent tree. She fell and broke her arm. The difference in elevation of the slabs was apparent to anyone

examining the same. However, the plaintiff testified she saw no defect in the sidewalk before she fell.

The trial court, by its judgment, held that as a matter of law she should have seen it—and, hence, was guilty of contributory negligence as a matter of law, in that she did not see it and avoid injury. Such a holding means simply— that a pedestrian moving over a strange sidewalk is required to keep her eyes upon the sidewalk at all times. If such is the law, then no pedestrian could ever recover for apparent defects in a sidewalk, for if she fell in the daylight, she would be held at fault, because she did not observe the obvious, and if she fell in the dark she would be held guilty of contributory negligence in proceeding when she could not see.

It is perfectly apparent that pedestrians are required to use their senses while proceeding along a sidewalk for other lawful purposes than a minute inspection of that upon which they are about to tread, and have a right to presume that a public way will not contain such traps as existed in the instant case.

The cases of **Highway Construction Co. v. Sorna, 122 Oh St, 258,** and **Winkler v. City of Columbus, 149 Oh St, 39,** are easily distinguished by the facts involved. In the Winkler case, the plaintiff testified that she saw the defect in the sidewalk, saw it was "raised up," and tried to step over it. In the Sorna case it is stated at page 264 of the opinion:

"From an examination of the record, it is apparent that it was not the excavation in the street which caused Mrs. Sorna's injury, but the crumbling of the bank, which she claims defendant had negligently failed to properly guard by boards, or by cutting steps, or by slanting back so as to protect persons desiring to use the crosswalk at that place. Whether under such circumstances the defendant construction company was negligent, and whether such negligence proximately caused the plaintiff's injury, and whether she herself contributed thereto by her own want of due care or by her failure to take an alternative way, were all questions for the jury—found adversely to the construction company."

The record in the instant case sustains no similarity to the facts considered in the cases cited as sustaining the instructed verdict for defendant.

Certainly, the evidence of plaintiff presented a question for the jury—whether she used the care which a reasonably

554

careful person is accustomed to use under the same or similar circumstances.

Starting with the case of **Hamden Lodge v. Gas Co., 127 Oh St, 469,** the Supreme Court has in a host of decisions held:

"Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence."

See: **Wilkeson v. Erskine & Son., 145 Oh St, 218; Belshaw v. Agricultural Ins. Co., 150 Oh St, 49; Bauer v. Cleveland Ry. Co., 141 Oh St, 197; Durbin v. Humphrey Co., 133 Oh St, 367; Bevan v. N. Y. C. & St. L. Rd. Co., 132 Oh St, 245.**

The instant case presented a question for the jury. It might justly conclude that the plaintiff had not used that care which was required. They, as pedestrians, should be able to determine what care was required. The required standard lies within the area of the common knowledge which the jury is presumed to possess.

For this reason, the judgment of the trial court is reversed and the cause remanded for a new trial.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur.