KIMBALL, APPELLEE, *v.* CITY OF CINCINNATI, APPELLANT.

(No. 7482—Decided October 29, 1951.)

*Messrs. Lindhorst & Dreidame,* for appellee.

*Mr. Henry M. Bruestle,* city solicitor, *Mr. J. B. Grause, Jr.,* and *Mr. Wm. C. McClain,* for appellant.

MATTHEWS, J. While walking on the sidewalk on Race street, near 9th street in the city of Cincinnati, the plaintiff stumbled and fell, whereby she received certain physical injuries. This incident occurred on a bright, sunshiny day in April, between one and two o'clock in the afternoon. The sidewalk was dry. At that point there was an offset, varying from one-half inch to one inch, extending in a crooked line across the sidewalk. The offset was caused by the difference in level of two adjoining slabs of cement composing the sidewalk. The irregularity was caused by the chipping off of the edge of one or both the slabs. There was no one with or near the plaintiff when she fell. She was carrying a handbag of standard size, and there was nothing diverting her attention or interfering with her view of the sidewalk. Nevertheless, when she stepped on this uneven space with one foot her other foot struck this offset and she fell.

In this action, the plaintiff seeks damages from the defendant on the theory that it defaulted in its duty to keep the street in repair and free from nuisance, as required by Section 3714, General Code. The defend-

ant denied that it had been negligent in its care of the street and alleged affirmatively that the plaintiff had been negligent.

The issues of fact were submitted to a jury, which returned a verdict for the plaintiff. Judgment was rendered on the verdict, and it is from that judgment that this appeal was taken by the defendant.

At the close of the plaintiff's evidence and at the close of all the evidence the defendant moved for an instructed verdict. These motions were overruled. The same question was raised by motions after the verdict and judgment. And that question—that the evidence as a matter of law is insufficient to carry the case to the jury—is the point to which the defendant has devoted most of its time and attention on this appeal.

In a lengthy brief and an earnest argument, defendant presses upon us the inconsistency of holding a municipality liable under the circumstances of this case when in other categories of the law under similar circumstances, courts have not hesitated to hold that no liability is shown and have entered final judgment for the defendant. Counsel urge that the defendant has violated no duty, that the sidewalk can in no true sense be said to have been out of repair, and that the plaintiff's injuries were caused by her own negligence or by a mere accident attributable to no one's negligence.

On the subject of the plaintiff's conduct, they cite the "step in darkness" cases, the "should have seen" cases applicable in cases of collisions between pedestrians and moving vehicles, the "railroad crossing" cases, and perhaps others, as analogous cases in which no liability exists.

There is no doubt that there is a great similarity be-

tween those cases and the case at bar. Logic and symmetry would dictate that they be governed by the same fundamental principle, but they are in different categories and have different histories. It has been said that the law owes its present status as much to history as to logic. So we do not feel at liberty to use cases in those different categories as guides in this case, especially as there is a wealth of precedents in cases of this same class.

Basing our conclusion on the authority of sidewalk cases, we do not believe we would be justified in holding as a matter of law that the defendant had discharged its duty under Section 3714, General Code, to keep its street in repair and free from nuisance.

This is, however, a borderline case, both on the issue of the defendant's alleged dereliction of duty and also on the issue of contributory negligence. Certainly, defendant is not under an obligation to keep its streets in a perfect condition. Something more than a defect must appear to fasten liability upon the municipality. If its street is reasonably safe for travel in the ordinary mode, it has discharged its full duty to the public under the statute. This was the rule announced in *City of Dayton* v. *Glaser,* 76 Ohio St., 471, 81 N. E., 991, 12 L. R. A. (N. S.), 916, and the rule has been approved time and again, notwithstanding the disapproval of the decision in that case. *Gibbs* v. *Village of Girard*, 88 Ohio St., 34, 102 N. E., 299.

While it would seem that a jury with an appreciation of the meaning of the rule of reasonable and ordinary care would hesitate to hold the aggregate body of citizens—the municipality—to a liability for so slight a departure from a perfect sidewalk, it is nevertheless an issue within their province, and not one for the court. How extensive a defect must be to warrant

the submission of the issue to the jury has perplexed the courts as is made manifest by the collection of cases in the annotation to the case of *Ray* v. *Salt Lake City* (92 Utah, 412, 69 P. [2d], 256), in 119 A. L. R., 153.

Where, however, the defect approaches the insignificant, the issue should be submitted to the jury with the utmost clarity, and in such a case the issue of the plaintiff's duty should be presented with equal clarity and accuracy.

In this case, it is our opinion that error intervened in the submission of the issue of contributory negligence, in that the court erred in refusing to give a special charge requested by the defendant. This charge (No. 10) is:

"If you find from the evidence that the plaintiff, in broad daylight, with nothing to obstruct her view, went over the portion of the sidewalk in question; that the condition of the sidewalk was then obvious, apparent and visible, and that she could have avoided falling by the exercise of ordinary and reasonable care, then your verdict should be for the defendant, the city of Cincinnati."

This charge correctly states the law and should have been given.

Defendant also requested this special charge (No. 9), which was refused:

"If you find from the evidence that the plaintiff was guilty of negligence [in failing to look where she walked in broad daylight] and if you find that such negligence was a proximate cause of and directly contributed in the slightest degree to the accident, you must bring a verdict for the defendant, the city of Cincinnati, even though you find that the defendant was guilty of a violation of its statutory duty."

In the opinion of the writer, this charge should have

been given. The only possible objection to either of these charges is that they assume that it was broad daylight, but that was not in dispute. The plaintiff so testified.

We are unanimously of the opinion that the prejudice resulting from the refusal to give special charge No. 10 was emphasized by contradictory statements in the general charge on the subject of the conditions under which the jury would be justified in finding a verdict for the plaintiff. In the early part of the charge, the court correctly stated that the plaintiff could recover only in the event it found both issues, that is, the issue of defendant's negligence and contributory negligence, in plaintiff's favor. However, just before turning to the subject of the measure of damages the court instructed the jury that if the cause of plaintiff's injury ''was the negligence of the city of Cincinnati in not keeping its sidewalk open, in repair, and free from nuisance, *then your verdict would be for the plaintiff*.'' (Emphasis ours.) The court failed to add the qualifying statement that it must also find the plaintiff free from contributory negligence before she would be entitled to a verdict. This was error. 39 Ohio Jurisprudence, 928 *et seq.*

As already stated, we are unable to follow the defendant in its contention that this court should find as a matter of law that the record shows no cause of action. That was what the Common Pleas Court did in the case of *Stoffel* v. *City of Cincinnati*, 87 Ohio App., 235, 93 N. E. (2d), 303, which this court reversed and remanded for a new trial, so that the issues could be submitted to the trier of the facts. We do not recede from that position. However, in the case at bar, the issues have been submitted to the jury. The entirely different question is presented as to whether its find-

ings are supported by sufficient evidence. After giving this matter careful consideration, we have reached the conclusion that upon both issues the verdict is manifestly against the weight of the evidence, and that the judgment must be reversed on that ground as well as on the other grounds set forth.

We find no other error in the record.

For these reasons, the judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*

HILDEBRANT, P. J., MATTHEWS and Ross, JJ., concur.