## No. 16,830.

PARKER *v.* CITY AND COUNTY OF DENVER.
(262 P. [2d] 553)

Decided October 19, 1953.

Mr. DARWIN D. COIT, for plaintiff in error.

Mr. LEONARD M. CAMPBELL, Mr. DUNCAN J. CAMERON, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

FRANCES I. PARKER brought an action against the City and County of Denver to recover a judgment for damages allegedly sustained by her by reason of an accident on one of the public streets of that city. At the conclusion of all the evidence the court granted defendant's motion for a directed verdict and entered judgment accordingly. Plaintiff is here by writ of error seeking a reversal of the judgment.

The court, in granting defendant's motion for a directed verdict, stated:

"The motion of the City and County of Denver for a directed verdict is granted, the Court finding as a matter of law that the defect in this sidewalk at the time of the accident on December 10, 1949, was, in fact, less than one inch, and as such was so slight as to impose no duty upon the City to either discover or to correct the same.

"Accordingly, the Court will prepare the verdict for the signature of one of the jurors."

Plaintiff's evidence may be summarized thusly: On the night of December 10, 1949, at about 7 o'clock P. M., plaintiff was walking on the sidewalk near 1216 York Street when, by reason of a crack and rise of one inch or more in the public sidewalk, she tripped on said elevation and fell, resulting in serious and permanent bodily injuries. Witnesses for plaintiff testified that the said walk was constructed of concrete blocks and that at the

place where plaintiff was injured, the elevation of one block over an adjoining block varied from one and a half to two inches on one side thereof and tapered to about one inch on the other side, and that this condition of the sidewalk had remained for some considerable period of time prior to the date of the accident. Plaintiff testified that she was employed as a school teacher prior to the accident and had occasion to travel over this particular sidewalk frequently.

Defendant's evidence as to the rise or elevation in the sidewalk, by actual measurement with a ruler, was that it was not over one inch or slightly less than an inch, and at the exact center of the walk was three-fourths of an inch.

■■ At the conclusion of all of the evidence, and upon motion of defendant, as hereinbefore stated, the court directed a verdict, and in connection therewith stated that it found, as a matter of law, that the defect in the sidewalk was less than one inch. There was competent evidence that the defect in the sidewalk at or near the place where the alleged injuries occurred was on and a half to two inches in elevation, and it is well-settled law in this jurisdiction that a party making a motion for a directed verdict admits the truth of the adversary's evidence and every favorable inference of fact which may be legitimately drawn therefrom. It also is equally well settled in this jurisdiction that negligence results from a failure to do what an ordinarily careful and prudent person would have done under the circumstances of the case. It is not here contended that defendant is an insurer of the safety of pedestrians on its sidewalks, nor that every defect or unevenness therein creates a liability on its part if an accident occurs thereon, but it is plaintiff's position that the defect here, under the evidence, was such that representatives of defendant could reasonably anticipate danger from its existence and that reasonably prudent men might honestly reach different conclusions as to defendant's liabil-

ity. This being so, it is plaintiff's contention that the trial court erred in granting defendant's motion for a directed verdict for here it is contended that the evidence presented facts for the jury's determination.

Our court in the case of *City of Denver v. Hyatt,* 28 Colo. 129, 63 Pac. 403, held that a failure on the part of the city to exercise reasonable care to keep its sidewalks in reasonably safe condition for travel was negligence, and it also held that its failure to so maintain its sidewalks would render it liable for damages to a pedestrian thereon who, in the exercise of ordinary care and diligence, was injured by reason of the defective sidewalk. The decision in *Denver v. Hyatt, supra,* remained the law in this jurisdiction until our decision in the case of *Denver v. Burrows,* 76 Colo. 17, 227 Pac. 840.

In *Denver v. Burrows, supra,* the sidewalk was constructed of cement blocks, and an unevenness occurred therein so that "One of these blocks was so elevated that while one end thereof was even with the adjoining block, the other end was one and five-eighths inch higher. The elevation was one and three-eighths at the point where, according to testimony, the plaintiff struck her toe against the edge of the raised block." It was in that case held: "In our opinion, the defect involved in the instant case was such that, as a matter of law, it did not render the sidewalk not reasonably safe. It was a slight defect from which danger was not reasonably to be anticipated." We therein cited *Northrup v. City of Pontiac,* 159 Mich. 250, 123 N.W. 1107, and also *Beltz v. City of Yonkers,* 148 N.Y. 67, 42 N.E. 401, where inequalities of two inches or less in a sidewalk were held, as a matter of law, not to render it reasonably unsafe for public travel.

Subsequently, in *City of Colorado Springs v. Phillips,* 76 Colo. 257, 230 Pac. 617, where the obstruction in a sidewalk was "perhaps two inches," we held, based on the opinion in *Denver v. Burrows, supra,* that a "defect of this kind was, as a matter of law, insufficient to show lack of reasonable care in a municipal corporation."

It should be noted that the elevation with which we were concerned in the Burrows case was one and three-eighths inches while the projection in *City of Colorado Springs v. Phillips, supra,* was two inches. If two inches was, as a matter of law, not negligence because of our holding in the Burrows case, supra, then one and three-eighths inches was, as a matter of law, not negligence, then five-eighths of an inch can be disregarded on the authority of these two opinions, and it is apparent therefrom that the next case, with a two and five-eighths inch projection, would, consistent therewith, be, as a matter of law, not actionable negligence, and, progressively, there would be no such thing as negligence on the part of the city in the maintenance of its sidewalks.

In *Nelson v. City and County of Denver,* 109 Colo. 113, 122 P. (2d) 252, where the trial court had granted the city's motion for judgment on the pleadings, our court held that error was committed. In that action it was alleged that plaintiff was injured as a result of an accident on a cement sidewalk where one slab of the sidewalk "was raised approximately two inches above the level of the adjoining concrete slab," and in support of its motion for judgment on the pleadings, the city relied on our opinion in *Denver v. Burrows, supra.* With reference thereto we said:

"We did not *hold,* and if we had, the holding would have been dictum, that we would follow such cases further than as to an inequality of one and three-eighths inches. Furthermore, in that case we were speaking in the light of the evidence as to all the facts and circumstances of the case, for the cause had been tried, and presumably the evidence was in the record before us. The general and, as we think the controlling, principle in such cases is set forth in our opinion in the case as follows: 'Mere irregularity and inequality of the surface of a way does not of itself make a city liable for damages sustained at such a place. A municipality is held only to the maintenance of a reasonably safe sidewalk. *Griffith*

*v. Denver,* 55 Colo. 37, 44, 132 Pac. 57; *Pueblo v. Smith,* 57 Colo. 500, 143 Pac. 281. A defect in a street sidewalk, to be actionable, must be such that a reasonably prudent person would anticipate danger from its existence. *Denver v. Hyatt,* 28 Colo. 129, 63 Pac. 403. Sometimes this is a question for the jury, as in *Griffith v. Denver, supra,* and sometimes the defect is such that, as a matter of law, it is not actionable, as was the case in *Pueblo v. Smith, supra.* Each case must be determined on the facts in evidence. *Denver v. Hatter,* 68 Colo. 194, 188 Pac. 728.'

"With the principle thus announced in mind, we think it an unreasonable construction of the opinion to say that it lays down the proposition that, whether permitting an inequality or raised block in a sidewalk, constitutes actionable negligence may be determined simply with a foot rule. * * * "

As was pointed out in *Nelson v. Denver, supra,* no definite or mathematical rule can be laid down as to the depth of a depression or elevation in a sidewalk necessary to constitute actionable negligence against a municipality. We think it clear from the opinion in that case that the extent of the depression or elevation in a street which will relieve the city of actionable negligence in its maintenance must vary with other circumstances as we therein said. The other circumstances which must be taken into consideration in all of these cases is the amount of travel on the sidewalk, the location of the depression or elevation, the nature of the area, and other circumstances which may properly be considered by a jury in the determination of the case. There may be instances in which the court, with judicial propriety, may determine that the defect in the sidewalk is so slight that actionable negligence becomes a question of law, but there is, in almost all instances, a shadow zone where the facts are such that the question must be submitted to the jury, and it then becomes its duty to take into consideration all of the facts and circumstances in connection with the accident. We believe it improper

and error for a court to undertake to determine actionable negligence by a fraction of an inch for if the depression in *Colorado Springs v. Phillips, supra,* is held to be good law, then if the depression or elevation is two inches or less there is no actionable negligence, whereas, if it is a fraction of an inch over two inches it may be actionable and require a jury's determination of negligence. This is an absurd situation, and we cannot subscribe thereto. It has been announced in many decisions, some of which we shall cite hereinafter, that each case necessarily must be determined by the surrounding circumstances, and generally the matter must be left to a jury.

We have called attention to the fact that the court relied somewhat on the decision in *Denver v. Burrows, supra; Northrup v. City of Pontiac, supra;* and *Beltz v. City of Yonkers, supra.* We have examined these decisions and find that in Michigan the courts have consistently relied upon the rule announced in *Northrup v. City of Pontiac, supra,* wherein it is said: "A careful examination of all of them [cases cited] leads to the conclusion that the court has held, as a matter of law, that an inequality of two inches or less in a sidewalk does not render it not reasonably safe for public travel. It is obviously difficult to determine at just what point a jury should be permitted to pass upon the question. The case at bar, however, in our opinion, clearly falls within the rules laid down in the cases cited *supra.*"

Our examination in connection with the opinion in *Beltz v. City of Yonkers, supra,* discloses this situation in that jurisdiction. In that case there was a two and a half inch projection. Upon the authority of *Beltz v. City of Yonkers, supra,* it was held in *Hamilton v. City of Buffalo,* 173 N. Y. 72, 65 N.E. 944, that a four-inch projection or depression was not, as a matter of law, actionable negligence. Later, in *Butler v. Village of Oxford,* 186 N. Y. 444, 79 N.E. 712, on the authority of *Beltz v. City of Yonkers, supra,* and *Hamilton v. City of Buffalo, supra,*

it was held that a five-inch projection or depression was not actionable negligence. However, we find that in *Loughran v. City of New York,* 298 N. Y. 320, 83 N.E. (2d) 136, the rule announced in *Beltz v. City of Yonkers, supra,* has now been radically changed, and therein we find the following:

" * * * the city has prevailed in its contention that the complaint should be dismissed on the ground that there was no evidence that the hole was four inches in depth or that it constituted a 'trap.'

"For the past twenty years at least, this court has declined to recognize any such principle as that urged by the city. On the contrary, *we have held that there is no rule that the liability of a municipality in a case of this sort turns upon whether the hole or depression, causing the pedestrian to fall, is four inches—or any other number of inches—in depth or constitutes 'a trap.'* See, e.g., Norbury v. City of Buffalo, 246 N. Y. 605, 159 N.E. 669; Wilson v. Jaybro Realty & Development Co., 289 N. Y. 410, 46 N.E. 2d 497; Dowd v. City of Buffalo, 290 N. Y. 895, 50 N.E. 2d 297; Lynch v. City of Beacon, 295 N. Y. 872, 67 N.E. 2d 515; Pratt v. Village of Seneca Falls, 295 N. Y. 690, 65 N.E. 2d 332. As we but recently observed, there is no requirement that 'a hole in a public thoroughfare * * * be of a particular depth before its existence can give rise to a legal liability.' Wilson v. Jaybro Realty & Development Co., supra, 289 N. Y. at page 412, 46 N.E. 2d at page 498. *A municipality's liability depends on whether or not, having in mind the circumstances of each case, it has neglected and failed to keep its public thoroughfares—whether the sidewalk of a street or the pathway in a park—in a condition reasonably safe for pedestrians."* (Italics ours.)

In the following cases, among many others, it is held that actionable negligence in connection with the maintenance of a sidewalk is a question of fact for the jury's determination: *Smith v. City of Bluefield,* 132 W. Va. 38, 55 S.E. (2d) 392, one and one fourth inch projection;

*Beach v. City of Des Moines,* 238 Ia. 312, 26 N.W. (2d) 81, one and a half to two inches; *Kimball v. City of Cincinnati,* 92 Ohio App. 487, 111 N.E. (2d) 28, offset of one inch to one and a half inches; *Young v. Public Service Company* (Mo. App.) 255 S.W. (2d) 113, depression of one to one and a half inches; *City of Louisville v. Wheeler,* 301 Ky. 222, 191 S.W. (2d) 386, one and three fourths inch projection; *President & Commissioners, etc. v. Kelly* (Md.) 89 A. (2d) 594, depression of one half to one and three fourths inches; *District of Columbia v. Williams* (District of Columbia Municipal Court of Appeals) 46 A. (2d) 111, elevation between one and one and five eighths inches; *Gurney v. Rapid City* (S. D.) 50 N.W. (2d) 360, depression of one inch; *Ray v. Salt Lake City,* 92 Utah 412, 69 P. (2d) 256, elevation of seven eighths to three fourths of an inch; *City of Guymon v. Eaton,* 193 Okla. 73, 141 P. (2d) 555, depression of one and five eighths to one and three fourths inches; *Palmer v. City of Long Beach,* 33 Calif. (2d) 134, 199 P. 952, depression of from one fourth of an inch to three inches; *Dillow v. City of Yuma,* 55 Ariz. 6, 97 P. (2d) 535, depression of approximately two inches; *Johnson v. City of Ilaaco,* 38 Wash. (2d) 408, 229 P. (2d) 878, one and one fourth inches; *Maloney v. City of Grand Forks,* 73 N. D. 445, 15 N.W. (2d) 769, one inch to one and one fourth inches; *Henn v. City of Pittsburgh,* 343 Pa. 256, 22 A. (2d) 742, one and a half to two inches; *City of Phoenix v. Weedon,* 71 Ariz. 259, 226 P. (2d) 157, one and a half to two inches; *Quinn v. Stedman,* 50 R. I. 153, 146 Atl. 618, one fourth to one and one fourth inches.

In this jurisdiction following a long and unbroken line of decisions, it has been held by our court that where the evidence on material facts is in conflict, or in event there are undisputed facts upon which reasonable and fair-minded men may form different opinions and draw different conclusions or inferences, then the question of negligence is one for determination by a jury.

We find the following in 19 McQuillin, Municipal Cor-

porations (3d ed.) page 612, section 54.204: "Although the question of the municipality's negligence is generally a question of fact for the jury, yet where only one inference can be drawn from the evidence, the question of negligence becomes one of law for the court. In other words, when it is made to appear that the case is one upon which reasonable minds would not arrive at a different conclusion with regard to whether the maintenance of a particular defect in a street or sidewalk constituted negligence on the part of the municipality, the question may then be one of law." See, also: 1 Shearman and Redfield on Negligence (Rev. ed.) p. 109, §40, et seq.; 63 C.J.S., p. 454, §941, et seq.; 53 Am. Jur., p. 141, §156, et seq.; 119 A.L.R. 161.

■ Here, under our decision in *Colorado Springs v. Phillips, supra,* it became the court's duty to grant the motion for a directed verdict because, under the evidence, the depression did not exceed two inches, and this we had determined not to be actionable negligence. We have concluded that the opinions of this court in *Denver v. Burrows, supra,* and *City of Colorado Springs v. Phillips, supra,* are basically wrong in their determination that depressions or elevations constituting actionable negligence may be measured by inches. If the law as announced in these cases is to be followed in this jurisdiction, then a pedestrian who sustains an injury on a sidewalk where the projection or depression is 1-31/32 inches in height or depth, no matter where or under what circumstances the injury may have occurred, is not entitled to maintain an action against a municipality, and it becomes the court's duty so to declare, whereas one whose injury on a sidewalk occurred at a place where the projection or depression was 2-1/32 inches in height or depth, actionable negligence then becomes a question for the jury's determination.

We are compelled to hold that our opinions in *Denver v. Burrows, supra,* and *City of Colorado Springs v. Phillips, supra,* are basically wrong in so far as they deter-

mine negligence' solely by inches, and it becomes our duty definitely to overule the same, which, accordingly, is done.

The judgment is reversed and set aside and the cause remanded to the district court, further proceedings, if any, to be in harmony herewith.

Mr. Justice Holland dissents.

Mr. Justice Holland dissenting.

With a firm belief that the effects of the majority opinion are so far reaching and particularly devasting to municipalities, I dissent therefrom and am actuated to an expression of my views thereon.

Of first consideration is the fact that, in my opinion, the overruling of the Burrows and Phillips cases of long standing is gratuitous and not called for or required. These cases have not been attacked by counsel for plaintiff and it seems that counsel relied upon the defect in the case at bar as being more than one and three-eighths inches as shown by some of the testimony in the case. This disputed evidence, of course, leaves no room for the application of the rule as determined by the trial court and ruling thereon as a matter of law. In other words, the evidence before the trial court did not justify the application of the law as set out in the decided cases, and the question should have been submitted to the jury if there was any evidence to the effect that the defect was more than one and three-eighths inches; and in that event, if there was substantial proof that the defect or rise in the sidewalk was more than one and three-eighths inches, then the city could not with safety rely on the two cases as an excuse for its failure to remedy the defect, and the rule of constructive notice to the city would apply. However, it had a right to ignore, without liability, unevenness in sidewalks of one and three-eighths inches or less, and this case, if retried on remand as the majority opinion directs, should be submitted to the jury

with great care shown in the instruction on the question of whether or not under the decided cases and all the circumstances, the city had notice, since it is elementary that notice of the defect is essential before liability would attach. It is difficult to conceive of how it can be said in the trial of this case that the law imputes notice when prior to the trial and for twenty-nine years, the municipality was not required to notice defects less than one and three-eighths inches in height, but after the trial, and when this court has seen fit to say that the rule or the responsibility of the city did not exist yesterday but it does today. The case should be remanded with instructions that at a new trial the court should instruct the jury that in the instant case if the jury found the elevation or defect in the sidewalk to be less than one and three-eighths inches, it should find for defendant. The majority opinion, to do justice in the case at hand, should go no further; however, if the majority is inclined to overturn the rule in the Burrows and Phillips cases, let its action be prospective and not retroactive to the damage of a party litigant without notice on a sudden change in its responsibility.

If the opinion, after overruling the cases of *Burrows v. Denver,* 76 Colo. 17, 227 Pac. 840, and *City of Colorado Springs v. Phillips,* 76 Colo. 257, 230 Pac. 617, the court laid down a clear and unmistakable rule that in *all* cases the question of negligence was one for a jury and the liability of the city or the municipality not to be measured by inches and so declared as a matter of law, I admit there is forceful logic in support thereof; however, if that result obtains, then the existence of any kind of a defect may be deemed evidence of neglect on the part of the city and is tantamount to making the municipality an insurer of the safety of persons using the sidewalks, and that requirement of a city is nowhere required in the law.

In this connection the majority opinion leaves the question here involved clouded with uncertainty, be-

cause, it is stated, "There may be instances in which the court, with judicial propriety, may determine that the defect in the sidewalk is so slight that actionable negligence becomes a question of law." And further, "We believe it improper and error for the court to undertake to determine actionable negligence by a fraction of an inch * * *." If one trial judge should determine that an unevenness that is one and three-eighths inches in a sidewalk is so slight that there is no actionable negligence, should he be reversed, because, after all, the rule of measurement that the court is now trying to get away from still remains an instrument in the minds and hands of the trial judge. What is reasonable or unreasonable under these cases is in nearly all of the decisions, left dangling between the judge and the jury. In the Burrows and Phillips cases, supra, which by the majority opinion are overruled, there is a rather unmistakable standard which provides reasonable security for the municipality involved, as well as guidance for a trial court. The case of *Nelson v. City of Denver*, 109 Colo. 113, 122 P. (2d) 252, therein cited, adds more confusion and uncertainty to the field of what we like to think of as settled law, because in that case it is said, " * * * and sometimes the defect is such that, as a matter of law, it is not actionable." It is therefore apparent that nothing really positive and definite has been determined by the majority opinion, other than to throw further uncertainty around the interests of all parties who may be involved; leaves the city in the position of being compelled, in order to avoid liability, to have and maintain its sidewalks without defect whatever; it enables a complainant to take the chance of recovery under any conditions; and handicaps the trial court in the exercise of perfect freedom in their judgment and discretion.

From the municipality's standpoint there was no uncertainty in our former cases, at least to the extent that an unevenness in a sidewalk of one and three-eighths inches was not actionable; and the rule there laid down

has been the guiding light of the municipality for twenty-nine years. It had the unquestioned right to rely on that certainty of the rule as announced by our court and not be concerned as to the correctness thereof, and the rights and interests of the municipality in the case at bar should not be buried with the ruins of the Burrows and Phillips cases. As to the results of this particular case, the maxim of stare decisis applies with peculiar and almost irresistible force. That maxim assures municipalities, as well as individuals, that insofar as they act on authoritative rules of conduct, their rights will be protected in the courts. It cannot be said that leading up to the case at hand, that the city acted on a mistaken view or on an arbitrary conclusion of its own. It should not be required to repeat that before a liability would attach, the city must have notice, actual or constructive. If it had actual notice of a defect of one and three-eighths inches, was it negligent in not correcting the defect? How could it have constructive notice of something that our court had said was not actionable, and failure to repair would not be negligence.

Two things are certain in this case. Counsel for plaintiff knew or should have known of the rule in these two cases as it stood at the time of bringing the action; and further knew or should have known that the burden was upon plaintiff to take herself out from under that rule by proof of a greater defect than the rule discountenanced, which she failed to do by any of her witnesses with any degree of satisfactory proof. The other certainty in this case is, that the city under the rule so fixed in its transactions concerning these defects, had the right to rely thereon without attaching liability, and the mere fact that the city was without any knowledge that our court would suddenly, and without warning, make it liable, and that liability would fall on it without notice. Its rights and interests depended upon what was a certainty in the decided cases that are now overthrown. It has been said that the doctrine of stare decisis has

greater or less force, according to the nature of the question decided, those questions where the decisions do not constitute a business rule and in such cases is met only by the general considerations which favor certainty and stability in the law and where a decision relates to the validity of certain modes of transacting business, the maxim becomes quite imperative and courts are not at liberty to change it to the *instant* damage of the party involved.

After all, the question in this case is not whether the two decisions complained of are correct, but whether or not they were decisions that had been made, and business conducted, and the responsibility of the city depended on the faith thereof. A municipality, as well as individuals, has the right to rely with certainty upon the decisions of this court in cases where the governmental functions of the city are to be regulated. As drastic as the change may be, it must, in justice, be done without damage. The decision here strikes directly at the method of doing business as permitted by this court and where it has been so acted upon for many years, therefore the maxim of stare decisis becomes imperative. The omission of so-called duty in the instant case does not show, or tend to show, negligence and this court should be the first to hold that in the case at bar, it was excusable. Before liability should attach here, the defect must be shown to have been of such character that prudent persons would anticipate danger to users of the sidewalk in question, and in the application of that rule, it must be borne in mind that nowhere does the law require a measure of duty that is impossible of fulfillment. It is further to be considered that the city's position here is not based upon its own construction of what is reasonably safe, or upon any self-devised custom, but is based upon the decisions of our court. It was not a mistaken view or an arbitrary conclusion of its own. Finally, what is the measure of reasonableness when used in the standard of duty required of the city to keep its sidewalks

reasonably safe for use? The particular area involved here had no doubt been used by thousands of pedestrians without mishap. Further, where is the measure or standard to be used by trial courts in determining that the defect is so slight that actionable negligence becomes a question of law? After all, we are back at about the place where we started, except in cases where the defect is so obviously dangerous that it could not be questioned. However, municipalities now face the uncertainty of harrassing litigation arising from claims involving any kind of a defect and must rest their chances on the peculiar idea of what is reasonable or insignificant according to the particular judge presiding. And further, in my opinion, the municipality is in the unheard of position of being an insurer of the safety of all persons using its streets or sidewalks.