No. 18,030.

CITY OF COLORADO SPRINGS *v.* EMMA A. OEHSCHLAGER.

(322 P. [2d] 108)

Decided February 24, 1958.

Mr. F. T. HENRY, Mr. LOUIS JOHNSON, for plaintiff in error.

Messrs. YOUNG, YOUNG & CATES, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court plaintiff in error was defendant and defendant in error was plaintiff. The parties will be designated as they appeared in the trial court, or by name.

Plaintiff's action was one for damages allegedly sustained by her as the result of a fall on a sidewalk in the City of Colorado Springs, Colorado. Trial was to a jury and resulted in a verdict in favor of plaintiff. Motions

for judgment notwithstanding the verdict, and for a new trial were overruled; judgment was entered, and defendant brings the case here for review on writ of error.

To summarize the argument of counsel for defendant it is contended that it was the duty of the trial court to direct a verdict in its favor. No evidence was presented by the defendant to contradict that offered and received on behalf of plaintiff.

No objection is voiced to any instruction given the jury, and it is not contended that incompetent evidence was received. We may with propriety here note that plaintiff's condition at the time of trial, due to the accident, was such that she could not attend as a witness. The uncontradicted evidence shows that plaintiff suffered a fractured hip as a result of falling on the sidewalk. Plaintiff's husband testified without objection that he was present with his wife on the occasion of her injury. We quote from the record: "* * * we walked down and we walked over the alley and there is an offset of six inches, about. You go down and up. And then we thought we was on the walk and about three steps or so, there was the raised up walk that was caused by the root of the tree, and she just stepped on the walk about three or four steps and she tipped her toe and rolled on the walk. She had my arm but it wouldn't — couldn't hold it. There she laid on the walk with a broken hip. And that's the story.

"The cause of the walk raised up was caused by the big root coming from the parking, the city trees coming under the walk, and they just raised one side of the walk up. It is caused by the root of the tree from the city, that belongs to the city.

"Well, the first block the first section of the walk was smooth and she thought that she was on a smooth walk, and then the second section of the walk, that's where the root was under it and raised it. So we was just about three steps gone."

A witness who lived in the house adjacent to the side-

walk in question testified that she had resided there for some four years and the "raised up walk" had been there quite a while. "Seems to me it's been most of the time we've lived there, but I can't definitely say." Mr. McKown, City Forester, testified that city workers were continually working on trees in the city parking next to city sidewalks, and that he had no instruction to inspect sidewalks. Mr. Murray, Director of Public Works, testified that "about six weeks ago perhaps" the City Manager requested information from all departments concerning broken sidewalk conditions resulting from tree growth.

█ We have carefully considered the entire record and conclude that the trial court correctly ruled on the motion for a directed verdict. "* * * there is, in almost all instances, a shadow zone where the facts are such that the question must be submitted to the jury, and it then becomes its duty to take into consideration all of the facts and circumstances in connection with the accident." *Parker v. Denver*, 128 Colo. 355, 262 P. (2d) 553. There was no error in submitting the cause to the jury, accordingly the judgment of the trial court is affirmed.

MR. CHIEF JUSTICE HOLLAND and MR. JUSTICE SUTTON not participating.