KATHERINE SLOAN, APPELLANT, *v.* THE CITY OF RENO, A MUNICIPAL CORPORATION, WITHIN THE COUNTY OF WASHOE, STATE OF NEVADA, RESPONDENT.

No. 4078

November 7, 1958.

331 P.2d 255.

*John S. Halley,* of Reno, for Appellant.

*Goldwater, Taber & Hill,* and *Samuel B. Francovich,* of Reno, for Respondent.

# OPINION

By the Court, EATHER, J.:

Upon this appeal the plaintiff below asserts that the trial judge improperly took the case from the jury through an order of involuntary dismissal. The sole question before us is whether issues remained for jury determination.

The action is for personal injuries resulting from a fall on a sidewalk in the city of Reno. The fall resulted from stumbling over a two-inch sidewalk separation. The break in the walk was caused by tree roots. This condition of the walk had existed for three or four years prior to the accident. The plaintiff contends that the city was negligent in permitting the condition to exist.

The trial judge, after hearing the plaintiff's case in chief, ruled as a matter of law that no negligence had been shown, the defect being minor and trivial, and that, in any event, the plaintiff had been guilty of contributory negligence in not having her eyes upon the walk at the time of the accident.

The fall occurred after dark on a sidewalk with which plaintiff was not familiar. Trees shaded the walk from street lights. Plaintiff testified she was looking ahead to the lights of a store to which she was proceeding, but that the light upon the walk was such that even had she been looking down she would not have seen the defect.

In such cases as this, negligence is established if under all the circumstances of the case the defect in the sidewalk is such that a reasonably prudent man with knowledge of the defect would anticipate danger to persons who, while exercising reasonable care for their own safety, made use of the walk. Arvidson v. City of Elmhurst, 11 Ill.2d 601, 145 N.E.2d 105. If upon this question the minds of reasonable men might differ a jury issue is presented.

In our view the minds of reasonable men might well have differed upon this question under the facts of this case. The negligence of the city was, then, a question for the jury.

Upon the issue of contributory negligence it was stated in Stoffel v. City of Cincinnati, 87 Ohio Ap.Rep. 235, 93 N.E.2d 303, 304: "It is perfectly apparent that pedestrians are required to use their senses while proceeding along a sidewalk for other lawful purposes than a minute inspection of that upon which they are about to tread, and have a right to presume that a public way will not contain such traps as existed in the instant case." The Ohio court was in that case dealing with the same sort of defect as that with which we are faced: a sidewalk separation caused by tree roots.

Under the facts of this case we conclude that reasonable minds might well differ upon the issue of contributory negligence and that this question should have been left to the jury.

It was, then, error to take these issues from the jury and to decide them as matters of law.

Reversed and remanded for new trial.

BADT, C. J. and MERRILL, J., concur.